FRANK G. WILLARD v. GEORGE C. WHINFIELD.

No. 3.

1. INSTRUCTIONS, *When not Error to Refuse.* If the instructions given by the court cover all the material and proper points covered by special instructions asked by either party, it is not error to refuse to give such special instructions.

2. AGISTER'S LIEN, *Priority of.* *Case v. Allen*, 21 Kan. 217, as to priority of agister's lien, cited and followed.

3. ——— *When not Lost.* Where an agister leaves the stock he is feeding and caring for to be herded temporarily by another person, and they are driven off during his temporary absence by the owner, or one having a special ownership in them, the agister will not be deemed to have lost his lien if within a reasonable time he demands a return of the stock.

MEMORANDUM.—Error from Rice district court; AN-SEL R. CLARK, judge. Action by George C. Whinfield against Frank G. Willard. Judgment for plaintiff, and defendant brings the case here. Affirmed. The opinion herein, filed January 17, 1896, states the material facts.

*Bailey & Foley*, and *J. Warner Mills*, for plaintiff in error.

*Samuel Jones*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Rice county, Kansas, by George C. Whinfield, as plaintiff, against Frank G. Willard, as defendant, to recover the damages sustained by said Whinfield by reason of the conversion of 101 head of his sheep by said Willard, and also to recover the amount of an alleged agister's lien upon about 1,400 sheep, claimed to have been wrongfully taken from the possession of said Whinfield by said Willard.

Willard claimed the right to the immediate possession of the sheep by virtue of a chattel mortgage given by J. M. Ostrander to said Willard. Whinfield claimed that the larger portion of the 101 sheep was bought by Ostrander of one Moore after the execution of the Willard mortgage and was not included therein, and had been bought by said Whinfield of said Ostrander. He also claimed to have been feeding and caring for the 1,400 sheep which were included in the Willard mortgage under a contract with the mortgagor, Ostrander. The 101 sheep were valued by Whinfield at $353.50, and the feed bill was alleged to be $492.90. The case was tried with a jury, and a verdict returned by them in favor of Whinfield for the sum of $448.25, and judgment for said amount and the costs was rendered against said Willard, and he brings the case here for review.

One of the errors complained of by the plaintiff in error is in the refusal of the court to give the instructions asked for by him. The instructions asked for are quite long, and those given by the court cover about 20 closely typewritten pages, and will not be set forth in this opinion. We have carefully considered the instructions given and those refused, and find that those given cover all the material and proper points covered by those refused. No material error prejudicial to the substantial rights of the plaintiff in error was committed by the trial court, either in giving or refusing to give instructions.

The plaintiff in error in his brief contends "that the lien of a chattel mortgage properly filed is paramount to that of an agister for subsequently pasturing the mortgaged stock, unless it is shown that the mortgagee consented, either expressly or impliedly, that such stock might be so pastured and subjected to such lien, and the fact that the mortgagor retains pos-

session of the mortgaged property is not of itself proof of such consent.''

This question has been decided by our supreme court in the case of *Case v. Allen*, 21 Kan. 217 ; and, following that decision, we must hold that the contention is not good.

The plaintiff in error also contends that Whinfield voluntarily relinquished the sheep, and therefore his lien is not good. The evidence shows that Willard and several others came and took possession of the sheep while Whinfield was temporarily absent hunting stalk-fields, and had left the stock to be herded by another person, and that upon his return, after being informed of what had occurred, he immediately followed after the sheep and demanded the return of them. Under such circumstances, Whinfield cannot be deemed to have waived or lost his lien.

Upon a careful examination of the whole record, we find no material error has been committed prejudicial to the substantial rights of the plaintiff in error. Therefore, the judgment of the district court is affirmed.

All the Judges concurring.