JOSEPH PETZENKA v. GEORGE A. DALLIMORE.[1]

May 21, 1896.

Nos. 9898—(103).

### Lien of Stable Keeper—Chattel Mortgage—Priorities.

The lien of a livery or boarding stable keeper for his just and reasonable charges for keeping, supporting, and caring for animals and vehicles at the request of the owner or person in lawful possession is acquired solely by virtue of the law of 1891 (G. S. 1894, § 6249), and by the terms of section 6250 is expressly made secondary and subordinate to the lien of any previously executed and properly filed chattel mortgage.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial. Affirmed.

*A. E. Bowe,* for appellant.

*J. L. McDonald,* for respondent.

COLLINS, J. We do not need to discuss the first, second, or third assignments of error, for counsel for appellant (defendant) has not alluded to either of them in his brief, nor were they referred to on the oral argument. Nor has he pointed out wherein the court erred in denying his motion to dismiss at the close of the evidence for plaintiff, as asserted in the fourth assignment. And if by the fifth assignment of error he intended to attack any of the specific findings of fact—21 in number—as not supported by the evidence, the assignment was wholly insufficient. An assignment "that the decision was not justified by the evidence" does not call in question any one or more of several specific findings of fact. Smith v. Kipp, 49 Minn. 119, 51 N. W. 656.

The findings must, therefore, be accepted as conclusive upon the defendant, and this brings us to the only question raised by the ap-

[1] Reported in 67 N. W. 365.

peal. It is whether the plaintiff's mortgage, executed and duly filed in the office of the clerk of the proper city before defendant commenced to keep and care for the property in dispute, had priority over the lien asserted by defendant as a boarding stable keeper for keeping and caring for the property.

Under the provisions of G. S. 1878, c. 90, §§ 16, 17, as amended by Laws 1885, c. 81, it was held that a lien claimed by a person who kept and cared for horses at the request of the owner or lawful possessor took precedence of a chattel mortgage executed and filed before such keeping or care. Smith v. Stevens, 36 Minn. 303, 31 N. W. 55. This was in 1886. Laws 1889, c. 199, was an act entitled "An act giving liens for the better security of mechanics, laborers and others who perform work and labor or furnish material or personal property." Sections 16, 17, supra, and all amendatory and inconsistent acts, were expressly repealed. Sections 1 and 2 of said chapter 199 are now G. S. 1894, §§ 6247, 6248. In 1891 there was passed an act entitled "An act to provide for lien for livery and boarding stable keepers and the enforcement thereof" (Laws 1891, c. 28), and the three sections of this act are G. S. 1894, §§ 6249, 6250, 6251.

There was no repealing clause in the law of 1891, and in the recent case of Skinner v. Caughey, supra, page 375, 67 N. W. 203, it was assumed, a determination of the question being unnecessary, that the provisions of the 1889 statute relative to liens on domestic animals had not been repealed or modified by the legislation of 1891. But the question is squarely in this case, for it is to be observed that the defendant was the keeper of a boarding stable, and therefore of the class of persons mentioned in the title of the act of 1891 as well as in the body of the first section (now G. S. 1894, § 6249), and also that the liens provided for in this section are by section 6250 expressly made secondary and subject to chattel mortgages upon the property which have been duly executed and properly filed prior to the inception of defendant's lien. The language is explicit and comprehensive, and the provision which makes the lien of the classes of persons mentioned in the title subordinate to previously existing and filed chattel mortgages was probably introduced into the statute because of the construction theretofore placed upon the law in Smith v. Stevens, supra. It is unnecessary for us to state to what extent the statute of 1891 has affected or changed the earlier enactment, but

it is plain that as to the two classes of persons mentioned in the title of the 1891 act, namely, livery and boarding stable keepers, there has been a material change and modification. Their liens are secured through the provisions of section 6249, and are secondary and subordinate to liens held by other persons by virtue of previously executed and properly filed chattel mortgages.

Order affirmed.