SAMUEL G. CATTELL, complainant,

*v.*

J. FRANK REHRER, defendant.

[Submitted December 22d, 1922.    Determined December 29th, 1922.]

1. The lien of a garage for services or materials is superior to the lien of a prior chattel mortgage under *P. L. 1915 p. 556.*

2. Under that act an assigned garage lien is superior to the lien of a prior chattel mortgage.

On bill, &c.    On hearing at return of order to show cause for injunction to restrain sale.

*Mr. Frank S. McKee, Jr.,* for the complainant.

*Mr. Russell S. Henderson,* for the defendant.

LEAMING, V. C.

The issue here presented involves a determination of the priority of liens.

Defendant holds and claims a lien upon a certain automobile, which automobile is subject to the lien of a certain chattel mortgage in which mortgage complainant is mortgagee.

Complainant's mortgage was executed December 5th, 1921, was promptly recorded, and is due and payable. Defendant is a garage keeper and automobile repairman; his lien is claimed for repairs made to the mortgaged automobile in May, 1922, at the request of the owner who is the mortgagor. The present controversy is as to the priority of the respective liens of complainant and defendant.

Defendant's lien is claimed under the provisions of the legislative act of April 14th, 1915. *P. L. 1915 p. 556.* The first section of that act provides:

*94 N. J. Eq.*                    Cattell *v.* Rehrer.

"All persons or corporations engaged in the business of keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles and in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline, accessories or other supplies therefor at the request or with the consent of the owner or his representative, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories or other supplies therefor, and may without process of law detain such motor vehicle at any time it is lawfully in his possession until such sum is paid."

The act further provides for the sale of the automobile so held at public auction, certain prescribed notices of sale to be first given, and that the proceeds of sale shall be applied to the payment of the lien and the expenses of the sale, and the balance, if any, paid to the owner or his representative.

The great number and variety of decisions in controversies of this general nature will be disclosed by reference to an extended editorial note in *L. R. A. 1915 D1149*. In this state the only adjudications in cases of this general nature which have been brought to my attention are *White* v. *Smith, 44 N. J. Law 105; Sullivan* v. *Clifton, 55 N. J. Law 324,* and *Ruppert* v. *Zang, 73 N. J. Law 216; Crucible Steel Co.* v. *Polack Tyre & Rubber Co. 92 N. J. Law 221; Stern* v. *Ward, 94 N. J. Law 279,* and *Lanterman* v. *Luby (New Jersey Court of Errors and Appeals), 114 Atl. Rep. 325. White* v. *Smith* involved an artificer's claim of common law lien for repairs made to a carriage. A wife was the owner of the carriage and had allowed her husband to use it in his business and become its apparent owner; the husband had it repaired. The claim of lien was sustained, in analogy to claims of shipwrights as exemplified in *Williams* v. *Allscup, 10 C. B. (N. S.) 417,* as of a class adding to the value of the chattel, and the consent of the owner was deemed implied from the husband's possession of the chattel. *Sullivan* v. *Clifton* involved the priority of liens of a chattel mortgage and a subsequent statutory lien of a stable keeper for keeping a horse. The lien of the mortgage was held superior. It is there pointed out as a general rule that while a com-

mon law artificer's or innkeeper's lien, upon considerations of justice and policy attach to the property without reference to ownership and override all other rights in the property, a statutory lien is subordinate to all prior existing rights in the property. This latter statement, of course, is to be understood as applicable only in cases where the statutory lien is not by the statute given priority over a lien prior in time. *Ruppert* v. *Zang* was between a prior chattel mortgage lien and a common law lien for repairs. Following *White* v. *Smith, supra,* it was held that the artificer's lien was superior to that of the prior chattel mortgage. In *Crucible Steel Co.* v. *Polack Tyre & Rubber Co.,* the constitutionality of the automobile lien act here in question was sustained. *Stern* v. *Ward* involved only the power of a lessee to confer the statutory lien. *Lanterman* v. *Luby* involved only the validity of a lien under the automobile lien act as against an innocent purchaser for value after the automobile had left the possession of the lienor.

In the present case defendant specifically asserts his lien, and is about to sell, under the statute of 1915 above referred to. Accordingly, it will not be here considered whether his claim could be sustained as an artificer's common law lien superior to the lien of the mortgage.

Where, as here, the liens asserted are both statutory liens, all decisions appear to be uniform to the effect that the primary inquiry is one of legislative intent. Nor can there be any doubt touching the power of the legislature to create a lien of the nature here asserted by defendant superior to the lien of a prior chattel mortgage as against a mortgage made after the passage of the act. Many authorities to that effect are to be found in the note above referred to, and the *Crucible Steel Co. Case* above cited is specifically to that effect.

The act of 1915 above cited does not specifically declare that the lien therein authorized shall be a lien superior in rank to the lien of a prior chattel mortgage. But it appears to me to be impossible to give any other import to the provisions of that act. The lien is specifically given for

the service rendered "at the request or with the consent of the owner or his representative, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise." The act then authorizes a sale to raise the amount due. These provisions, especially the reference to the owner as a possible conditional vendee or mortgagor remaining in possession, in connection with the authority to sell and apply the proceeds, cannot be easily understood as relating to a lien of any other nature. This view is adopted in the recent case of *Mortgage Security Co.* v. *Pfaffmann (Cal.), 169 Pac. Rep. 1033,* where somewhat similar provisions of the statute giving liens for repairs to automobiles is construed. This view, I think, also may be said to be approved by our court of appeals in *Sullivan* v. *Clifton, supra.* There the case of *Smith* v. *Stevens, 36 Minn. 303,* is reviewed with approval. In the Minnesota case the statute gave liverymen a lien for the keep of horses "at the request of the owner or lawful possessor thereof." This language was held to clearly import a lien superior to that of a prior chattel mortgage. Commenting on that decision, Justice Van Syckel, speaking for the court, said: "Under that statute no other view could reasonably be taken." The provisions of the statute of 1915 here in question must be held to clearly import a legislative intent to authorize a lien superior in rank to the lien of a chattel mortgage prior in time of creation.

Defendant also holds by assignment a lien against the same automobile which, lien arose in precisely the same manner as the lien hereinabove considered. I can see no reason why, under the liberal provisions of our law touching assignable claims, defendant may not be privileged to enforce the two liens together by a sale in the manner contemplated by the act.

No suggestion has been made by complainant to the effect that the amounts claimed by defendant are not justly due or that the indebtedness claimed by defendant has not arisen for services performed pursuant to the provisions of the statute. If any doubts of that nature exist this court

could appropriately preserve intact the proceeds of sale until final hearing. In the absence of such claim on the part of complainant the order to show cause for restraint of the proposed sale will be discharged.

I have given no consideration herein to the circumstance, which has been urged by defendant as of importance, that the automobile against which the lien is claimed by defendant was, at the time the service was performed by defendant, out of the county in which the chattel mortgage of complainant was recorded.

An order will be advised discharging the order to show cause.