ANDREW J. SMITH and another *vs.* BEN STEVENS.

December 29, 1886.

*Priority of Lien—Liveryman—Chattel Mortgagee.*—The lien for his just and reasonable charges, secured by Gen. St. 1878, *c.* 90, §§ 16, 17, and Laws 1885, *c.* 81, to a person who keeps horses at the request of the owner or lawful possessor thereof, takes precedence of a chattel mortgage executed before such keeping. This rule applied against a mortgagee in a case in which the request for keeping was made by the mortgagor, who was in lawful possession of the horses kept.

The plaintiffs brought this action in the district court for Todd county, to recover the possession of a pair of horses, claiming the right of possession under a chattel mortgage from the owner, one Bosworth, which mortgage was duly filed on April 7, 1885. The answer alleges as a defence that the defendant is the proprietor of a hotel or boarding house; that on May 7, 1885, Bosworth came to defendant's place of business as a guest, bringing with him the horses in question; that Bosworth was the owner and in possession of the horses; that defendant furnished them with necessary food and room for twelve weeks and three days, for the agreed price of $5.50 per week, of which no part has been paid except the sum of $23.75, and that the defendant claims a lien upon the horses for their food and care. Plaintiffs appeal from an order by *Baxter,* J., overruling a demurrer to the answer.

*J. D. Jones,* for appellants.

*A. M. Crowell,* for respondent.

BERRY, J. Under Gen. St. 1878, *c.* 90, §§ 16, 17, as the latter is amended by Laws 1885, *c.* 81, any person keeping any horses at the request of the owner or lawful possessor thereof, is entitled to a lien for his just and reasonable charges therefor, and may hold and retain the property until such charges are paid. This is, by its terms, a law of general application as respects its subject-matter. It expressly provides that keeping at the request of the *legal possessor* shall be sufficient. This includes the case of a mortgagor lawfully in possession of mortgaged property, as by the express provision of

the mortgage the mortgagor was in this instance. And a mortgage made, as was that in the case at bar, while this statute was in force, is made subject to it, as to other applicable general rules of law. A mortgagee, when he takes a mortgage, takes it, in legal contemplation, with full knowledge of and subject to the right of a person keeping the property at the request of the mortgagor or other lawful possessor to the statutory lien, as he would do to a common-law lien. *Williams* v. *Allsup,* 10 C. B. (N. S.) 417; *The Granite State,* 1 Sprague, 277; *Case* v. *Allen,* 21 Kan. 217; *Hammond* v. *Danielson,* 126 Mass. 294; Jones, Chat. Mortg. §§ 473–475. The statute is therefore not unconstitutional as violating any contract or other right of the mortgagee. As respects the matter of constitutionality, it is analogous to that considered and held valid in *Laird* v. *Moonan,* 32 Minn. 358, (20 N. W. Rep. 354.) These holdings are, however, more important with reference to future proceedings in this case than to its present aspect.

The answer does not state facts sufficient to bring the defendant within the statute; for, while it shows a keeping of the horses by the defendant at the request of a lawful possessor thereof, it does not show that the defendant has any just and reasonable charges for the keeping remaining unpaid. The answer alleges that the keeping was under a special contract with the mortgagor as respects price, and that a considerable part of the agreed price has been paid; but, while the court might take judicial notice that the keeping would be of *some* value, it cannot take notice that just and reasonable charges would exceed the sum thus paid, so as to leave any balance unpaid.

As against the mortgagee, the defendant has the right to make only *just and reasonable* charges. This is all that the statute gives; and hence, while the special contract would prevent the keeper from charging more than he agreed to take, it would not, on the other hand, entitle him, as against the mortgagee, to charge more than was just and reasonable, however much less than the agreed price that might be. See *Laird* v. *Moonan, supra; Case* v. *Allen, supra.*

Order reversed.