# MONTHLY INSTALMENT LOAN COMPANY v. SKELLET COMPANY.[1]

December 26, 1913.

Nos. 18,291—(146).

**Lien on personal property — chattel mortgage.**

1. By Laws 1905, c. 328, amended by Laws 1907, c. 114, (G. S. 1913, §§ 7036, 7037,) giving a lien on personal property transported and stored at the request of the owner or legal possessor thereof, it was intended that one transporting and storing property at the request of a chattel mortgagor in legal possession should have a lien superior to the interest of the chattel mortgagee.

**Act constitutional.**

2. The statute so construed is constitutional.

Action in the municipal court of Minneapolis for the immediate restitution of certain chattels or for $58, the value thereof. The answer set up a lien of defendant as warehouseman, under R. L. 1905, §§ 3521, 3522, for the sum of $39. The case was tried upon stipulated facts before Montgomery, J., who made findings that defendant was entitled to retain possession of the property under its claim of a possessory lien thereon for its just and reasonable charges for the transporting, storage and care of the property. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*Farnam & Tappan,* for appellant.
*A. B. Darelius,* for respondent.

DIBELL, C.

This is an action of replevin by the plaintiff, a chattel mortgagee, to recover possession of the mortgaged property from the defendant who had transported it and stored it at the request of the mortgagor in legal possession, and who claimed a lien for transportation and

---

[1] Reported in 144 N. W. 750.

storage charges. There were findings for the defendant and the plaintiff appeals from the order denying his motion for a new trial.

The chattel mortgage covered certain household furniture located in Minneapolis. It was made in August, 1910, and forthwith filed so as to give constructive notice. In September, 1910, the mortgagor was in default. In September, 1911, the mortgagor, who was in legal possession, employed the defendant to transport and store the mortgaged property. The defendant claims a lien for transportation and storage charges superior to the interest of the plaintiff mortgagee.

By Laws 1905, p. 515, c. 328, amended by Laws 1907, p. 123, c. 114 (G. S. 1913, §§ 7036, 7037), a lien is given to any one who "at the request of the owner or legal possessor of any personal property" transports it from one place to another or stores it as a warehouseman or bailee.

The questions are whether the lien given is intended to be superior to the interest of the mortgagee; and, if the statute is construed to intend a superior lien, whether it is constitutional.

1. In Smith v. Stevens, 36 Minn. 303, 31 N. W. 55, it was held, construing a statute of like import from which the statute under consideration comes, that a liveryman, who kept horses at the request of the mortgagor, legally in possession of them, had a lien which took precedence of a chattel mortgage. This is not the rule under the various common-law liens; nor is it the prevailing rule under statutes giving liens for the care or keeping or preservation or improvement of personal property. It finds some support among the cases. Case v. Allen, 21 Kan. 217, 30 Am. Rep. 425; Corning v. Ashley, 51 Hun, 483, 4 N. Y. Supp. 255; Willard v. Whinfield, 2 Kan. App. 53, 43 Pac. 314. In the construction of the statute importance is rightly attached to the use of the words, "at the request of the owner or legal possessor," as intending that the legal possessor may charge the property with a lien for specified purposes against the true owner. While a different construction might have been given the statute we see no sufficient reason to change the one adopted in Smith v. Stevens, *supra,* and we adhere to it. It is suggested that a distinction should be drawn between this case and that because there a liveryman's lien for the care of horses was involved and here the property

124 M.—10.

is inanimate. If the question were whether the mortgagee assented to the creation of a lien the distinction might be important. The statute refers to animate and inanimate property in the same terms and cannot be held to mean one and not the other.

2. We cannot adopt the argument that if the statute intends to give the bailee a superior lien it is unconstitutional as impairing the mortgage contract or depriving the mortgagee of his property. In Smith v. Stevens, *supra,* the court, in commenting upon the question of constitutionality, said that the mortgagee took his mortgage, "in legal contemplation, with full knowledge of and subject to the right of a person keeping the property at the request of the mortgagor or other lawful possessor to the statutory lien, as he would to a common-law lien." This statement is questioned because of the language used in Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L.R.A. 777, 12 Am. St. 663, referring to Smith v. Stevens, *supra,* as follows:

"But no case ever held that a mortgagor could, without the authority of the mortgagee, expressed or implied, create a lien on the mortgaged property so as to give it precedence of the mortgage. The law, whether common or statute, giving a lien, could not give it precedence of a prior incumbrance without authority from the mortgagee back of it."

If by this it is meant that a chattel mortgagee when he takes his mortgage does not contract with reference to an existing statute which gives to one caring for, keeping or preserving the mortgaged property a lien for his services, we do not agree with it. The mortgagor does not by contract with the bailee create a lien superior to the interest of the mortgagee. The statute gives the right to lien, and the chattel mortgagee, by his mortgage contract, consents that under stated conditions his interest shall be subject to a lien, or, in other words, contracts with reference to the statute. Our statute, R. L. 1905, § 3546 (G. S. 1913, § 7082), gives a threshing lien in terms superior to all liens and incumbrances except the lien for seed grain. In Phelan v. Terry, 101 Minn. 454, 112 N. W. 872, where the constitutional objection was made that is made here, the court said:

"The statute in no proper view violates either of the constitutional

provisions referred to. It is upon the statute books, a part of the law of the state, and all persons dealing with the owners of crops which may be subject to the lien thereby created are charged with notice of its provisions and of the rights that may arise thereunder. If a creditor should cause execution to be levied upon the crops of his debtor, or a chattel mortgage be taken thereon, all rights thus acquired would be subject necessarily to the superior rights granted to the thresher, who by his services puts the crop in a marketable condition."

The case of McMahan v. Lundin, 57 Minn. 84, 58 N. W. 827, involving the priority of a seed-grain lien over a prior chattel mortgage, is upon the same principle. Other illustrations might be given.

Plaintiff cites a number of cases in support of the claim that such a statute is unconstitutional. National Bank of Commerce v. Jones, 18 Okla. 555, 91 Pac. 991, 12 L.R.A.(N.S.) 310, 11 Ann. Cas. 1041; Crowther v. Fidelity Insurance Co. 29 C. C. A. 1, 85 Fed. 41; Yateman v. King, 2 N. D. 421, 51 N. W. 721, 33 Am. St. 797. Upon examination it is found that these cases refer to statutes enacted after rights had vested under the chattel mortgage. They have no application. We think the statute constitutional.

Order affirmed.