JESSE A. SMITH AUTO COMPANY, Appellant, vs. KAESTNER, imp., Respondent.

*October 5—October 24, 1916.*

*Mechanic's lien on personalty: Priority over mortgage.*

The mechanic's lien given by sec. 3343, Stats., for repairs upon personal property is superior to the lien of a duly filed prior mortgage upon the property.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action of replevin begun in the civil court to recover possession of an electric car. At the time the repairs in question were made plaintiff held a duly filed purchase-money mortgage on the car on which there was due the sum of $50. The defendant *Kaestner,* in whose possession the car was at the time the sheriff seized it under the writ of replevin, had, at the request of the owner, Mary E. Avery, who by the terms of the mortgage was entitled to the use and possession of the car, made repairs on it of the reasonable value, with interest, of $162.10, no part of which had been paid. The civil court

adjudged that the lien of *Kaestner* for repairs was superior to the mortgage of the plaintiff, and upon appeal to the circuit court its judgment was affirmed. The plaintiff appealed.

The cause was submitted for the appellant on the brief of *Raymond J. Cannon,* attorney, and *Bernard V. Brady,* of counsel, and for the respondent on that of *Thomas F. Hayden.*

VINJE, J. Is the mechanic's lien given by sec. 3343, Stats. 1915, superior to the lien of a duly filed prior mortgage on the chattel repaired? That is the sole question presented by the appeal. Sec. 3343 provides that "Every mechanic who shall make, alter or repair any article of personal property at the request of the owner or legal possessor of such property shall have a lien thereon for his just and reasonable charges therefor, and may retain possession of such property until such charges are paid."

In states where only the common-law artisan's lien obtains, or where the statutory lien given is merely declaratory of the common-law lien, there is a conflict of decisions upon the question. Some states, at least as to a certain class of chattels, such as vehicles and machinery needing frequent repairs, hold that there is an implied consent on the part of the mortgagee, when he leaves the chattel in the possession of the mortgagor for use, that it shall be kept in repair and that the lien for such repairs shall take precedence over his mortgage. The cases of *Hammond v. Danielson,* 126 Mass. 294 (hack for hire); *Watts v. Sweeney,* 127 Ind. 116, 26 N. E. 680 (railroad engine); *Drummond C. Co. v. Mills,* 54 Neb. 417, 74 N. W. 966, 40 L. R. A. 761 (physician's carriage); and *Reeves & Co. v. Russell,* 28 N. Dak. 265, 148 N. W. 654 (threshing-machine engine), hold the artisan's lien superior because of such implied consent. Other courts negative such implied consent and hold the mortgage lien superior. See *Denison v. Shuler,* 47 Mich. 598, 11 N. W. 402 (engine); *Small v. Robinson,* 69 Me. 425 (hack used for hire); *Shaw*

*v. Webb,* 131 Tenn. 173, 174 S. W. 273 (automobile) ; and *Baughman A. Co. v. Emanuel,* 137 Ga. 354, 73 S. E. 511, 38 L. R. A. N. s. 97 (automobile).

In view of the provisions of our statute we need not consider the question of the priority of the common-law lien over an antecedent mortgage. Sec. 3343 expressly gives the mechanic a prior lien when he has made the repairs at the request of the owner or legal possessor of the property, for it says that in such case he may retain possession of the property until his charges are paid. In this case the defendant Avery was the legal possessor of the property and the repairs were made at her request. The clause "and may retain possession of such property until such charges are paid" contains no exception in favor of prior lien claimants, and the court can make none. When the repairs are made at the request of the owner or legal possessor of the repaired property the statute insures possession thereof in the mechanic till his just and reasonable charges are paid.

The legislative declaration that under such conditions the artisan shall have a superior lien is founded upon justice. The repairs made ordinarily enhance the value of the property to the extent of the reasonable value of the repairs, and prior lien claimants are therefore not adversely affected by the superior lien of the artisan, since the value of their security, subject to the artisan's lien, is the same as it was before the repairs were made. Moreover, in view of the conditions under which artisans are called upon to make repairs, often in the nature of emergency work, it would be highly inequitable to charge them with constructive notice of mortgages filed perhaps long distances from where the repairs are made. It was, no doubt, because they have to make repairs under such conditions and because they materially enhance the value of the property intrusted to them that the legislature gave them a prior lien.

*By the Court.*—Judgment affirmed.