CHARLES H. BARDASCH, Plaintiff, *v.* JULIUS D. KALISCH, Defendant.

Supreme Court, Kings Special Term, February, 1922.

**Lien Law, § 184 — priority of garage keeper's lien.**

Under section 184 of the Lien Law a garage keeper has a lien for storage, maintenance, etc., of motor vehicles which is superior to the lien of a chattel mortgage which was given when the statute was in force.

ACTION to establish lien on chattel.

*Louis Sturcke*, for plaintiff.

*Marcus B. Campbell*, for defendant.

CALLAGHAN, J. I am unable to see any difference in principle between the instant case and that of *Barrett Mfg. Co.* v. *Van Ronk*, 212 N. Y. 90. In this case, as in the *Van Ronk* case, the mortgagor remained in possession of the chattel. The *Van Ronk* case was brought under section 183 of the Lien Law, that being the statute which provided a lien for livery stable keepers, while this action is brought under section 184 of the Lien Law, which gives a lien to a garage keeper for the storage, maintenance, etc., of motor vehicles. Except for a slight change in verbiage necessary to show their application, in one case to a livery stable keeper and the other to a garage keeper, the statute is almost exactly the same. A lien acquired in the method provided by statute, so far as the facts in this case disclosed, is the artisan's lien which was recognized by the common law. It is, as was pointed out in the *Van Ronk* case, a lien which " upon considerations of justice and policy, by operation of law, attach, as a general rule, to the property itself without any reference to ownership and overrides all other rights in the property." Such a lien, in some respects, is described in *Waters & Co.* v. *Gerard*, 189 N. Y. 302. But if it be held that this lien does not partake of the nature of a common-law lien and that, therefore, the statute (Lien Law, § 184) is a derogation of the common law and must, as a consequence, be strictly construed, such construction will, nevertheless, show that the legislature intended to give to the artisan a prior lien to that created by a chattel mortgage given and filed prior to the time of furnishing material to or performing service upon the chattel. It must be borne in mind that this

statute was in effect at the time the chattel mortgage was given. The chattel mortgagee, therefore, had knowledge of the provisions of the statute, the language of which gives a garage keeper a lien " whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, * * * and may detain such motor vehicle at any time it may be lawfully in his possession until such sum is paid." The provision of the statute which allows the artisan to retain possession of the chattel until his lien is paid indicates an expressed intention on the part of the legislature to create a prior lien in favor of the artisan as the provision for such possession could have no other effect than to create a right superior to that of the mortgagee. The effect of a chattel mortgage in this state is to transfer ownership of the chattel to the mortgagee subject to being defeated by the payment of the amount of his lien. If such ownership is subject to the absolute right of possession in the artisan it must necessarily follow that the artisan's lien is prior to that of a mortgagee. While the facts in *Corning* v. *Ashley,* 51 Hun, 483; affd., 121 N. Y. 700, are slightly different from the facts disclosed here, and might have been decided on the question of estoppel, yet that case furnishes authority for giving an artisan's lien priority over that of a chattel mortgage. There are some disturbing features in the opinion rendered in *Johanns* v. *Ficke,* 224 N. Y. 513, which was, of course, decided after the *Van Ronk* case. In the opinion Judge Collin states (p. 521) that it is the established law of this state that a lien of an artisan is prior and superior to that of a mortgagee; yet there is dicta in the same paragraph to the effect that " it is true, however, that the weight of judicial opinion is that the lien of the stable keeper is not superior to the right created by a prior valid filed mortgage." It may be that he had in mind *Sullivan* v. *Clifton,* 55 N. J. L. 324, and that the rule in other states was as expressed in the dicta; yet the facts in the cases of *Ficke* and *Van Ronk* leave no doubt that it was the intention of the Court of Appeals of this state to hold that an artisan was entitled to a lien ahead of a mortgagee. It follows, therefore, that the defending defendants here are entitled to a judgment establishing their lien ahead of that of the plaintiff.