MADISON REMEDIAL LOAN ASSOCIATION *v.* WELLS
ET AL.

[No. 11,516.   Filed January 31, 1923.]

LIVERY STABLE AND GARAGE KEEPERS.—*Conditional Sale of Automobile.—Lien for Repairs.—Validity against Vendor.*—The lien given by the Motor Vehicle Lien Act (Acts 1915 p. 692, §8294a *et seq.* Burns' Supp. 1921), for charges for repairs upon an automobile, is not valid against the conditional vendor of an automobile or his assignee, in the absence of any authority given by him to the vendee to contract for repairs, and especially where the conditional sale contract provided that the vendee should have no right or authority, express or implied, to create any lien upon the automobile.

From Madison Superior Court; *Willis S. Ellis,* Judge.

Action by Frank Wells and others against the Madison Remedial Loan Association and others. From the judgment rendered, the named defendant appeals. *Reversed.*

*Bagot, Free & Pence,* for appellant.
*James A. May* and *J. E. Hall,* for appellees.

ENLOE, J.—This was an action by the appellees, Frank Wells and Paul Beardsley against the appellant, and also against the appellees, Glenn Miller and Everett Dunn, to foreclose an alleged motor vehicle lien. Other persons were originally named as parties defendant, but as they are not parties to the judgment herein, they need not be considered.

The appellees, Miller and Dunn, filed a cross-complaint in which they also claimed a lien upon the automobile in question, and asked that their lien be foreclosed. The appellant's demurrers to said complaint and cross-complaint were each overruled, after which it answered said complaint and cross-complaint severally, in two paragraphs. Replies severally by Wells and Beardsley and Miller and Dunn, in general denial, closed the issues which were submitted to the court for trial. There was a request that the court make a special finding of the facts and state its conclusions of law thereon. A special finding was made and conclusions of law stated favorable to the appellees, to which conclusions appellant duly excepted. There was a judgment foreclosing said liens and ordering said automobile sold.

The appellees herein insist that the so-called special finding of facts amounts only to a general finding and that therefore the appellant cannot have any exception thereto, and that consequently no question is presented for our consideration. They assert that the record does not show any "filing" of such finding of facts, or that it was made a part of the record by order of the court, or that it was brought into the record by bill of exceptions.

In this contention counsel are in error. The record recites: "* * * and pursuant to said request the court now makes and files herein its special finding of

facts and states its conclusions of law thereon as follows:" This makes these findings a part of the record in this case, and we shall so consider them.

The errors assigned and relied upon in this court challenge (a) the action of the court in overruling each of said demurrers, and (b) the correctness of the conclusions of law stated by the court. We shall notice the last assignment first.

The court found, in substance, among other things, that on August 26, 1918, one William T. Baker, doing business under the name and style of Baker Auto Co., entered into a contract in writing with one Alva Cunningham for the sale of the automobile in question, wherein and whereby said Baker agreed to sell and said Cunningham agreed to buy, subject to the conditions in said contract, the said automobile; that said contract provided that the title to said automobile was to remain in the seller until said automobile was fully paid for; that upon default in the making of any payment the seller might, at his opinion, declare all unpaid payments due and proceed to collect the same, or that the seller might rescind the contract and at once take possession of said automobile without notice; that the *seller* might make such repairs on the property as he should deem necessary, and that the cost of such repairs so made should become a part of the principal debt; that the *buyer* should have no right or authority from the seller, either express or implied, to create any lien upon said property or any part thereof, either by the procuring the performance of any services of any kind thereon, or the placing of repairs, accessories, or improvements thereon.

The court further found that, after said contract was entered into by and between said Baker and said Cunningham, said Baker, on the same day, with the express consent of said Cunningham, assigned and transferred

all his right, title, and interest in and to said contract, and to the automobile mentioned therein, to the appellant herein; that after the execution of said contract and the delivery of said automobile to said Cunningham, and while said automobile was in the possession of said Cunningham, the appellees Wells and Beardsley, performed certain labor thereon and furnished supplies and materials therefor to the amount of $40.78, and that the appellees, Miller and Dunn, did and performed work on said automobile and furnished materials therefor to the amount of $35.55; that said work and labor were. done and supplies furnished at the request of said Cunningham, and the charges therefor made against him; that the appellant never, at any time, directly or indirectly, purchased, contracted for, or procured any of the labor, services, parts, materials or supplies furnished by Wells and Beardsley, or by Miller and Dunn, nor had the appellant any knowledge that said work and labor was being done on said automobile, or that parts or supplies were being furnished therefor, nor did appellant in any way assent to any of said work being done or supplies being furnished; that at no time, after the assignment of said contract, did Cunningham have any express authority from appellant to contract for, or to purchase any of the labor, services, parts, supplies or accessories furnished by Wells and Beardsley and by Miller and Dunn; that by reason of a default in the making of payments thereon, the appellant had taken charge of said automobile prior to the commencement of this suit. There were other findings as to the filing by appellees of notices of claim of lien, etc., which, as we view this case, need not be herein set out.

Upon these findings, were the appellees, as against the appellant, entitled to assert a lien against said automobile, under the provisions of the Motor Vehicle Lien Act (Acts 1915 p. 621, §8294a *et seq.* Burns' Supp.

1921) and to have said lien foreclosed and said automobile sold?

In the recent case of *Atlas Securities Co.* v. *Grove* (1922), *ante* 144, 137 N. E. 570, this court had occasion to review the authorities bearing upon the question now under consideration. In that case we held that the conditional vendee could not, as against the conditional vendor, or his assignee of such conditional contract of sale, in the absence of authority in that behalf, create any lien which would be superior to the rights of such vendor, or of his assignee. In this case there is no finding that Cunningham had any authority, express or implied, from the appellant, to have said work done and to purchase said supplies and repairs. On the contrary, there is a finding that by the express terms of the contract, under which said machine was sold, it was provided that the purchaser should have no right or authority, express or implied, to create any lien upon said property; and it was further found that by said sale contract the seller should make, at the buyer's expense, such repairs as he might deem necessary.

Upon the authority of the case of *Atlas Securities Co.* v. *Grove, supra,* we hold that the appellees were not, under the facts found, entitled, as against the appellant, to assert liens against said automobile and to have the same foreclosed. It follows that the trial court erred in its third, fourth and fifth conclusions of law.

Having reached this conclusion, other alleged errors become of no controlling force and need not therefore be considered.

For the errors hereinbefore stated, the judgment is reversed with directions to the trial court to restate its third, fourth, and fifth conclusions of law, in harmony with this opinion, and to render judgment accordingly.