CACHE AUTO CO. v. CENTRAL GARAGE et al.

No. 3993. Decided December 13, 1923. (221 Pac. 862.)

1. STATUTES—WORDS EMPLOYED GIVEN USUAL MEANING. Comp. Laws 1917, § 5847, declares in effect that unless technical terms are used in a statute the words employed must be given their usual and ordinary meaning.

Appeal from First District

2. BAILMENT—CONDITIONAL VENDEE CANNOT INCUMBER PROPERTY FOR NECESSARY REPAIRS UNLESS VENDOR CONSENTS. In view of Comp. Laws, § 3773, authorizing a lien of a repairman for labor bestowed at the request of the owner of property, a conditional vendee of an automobile has no authority to incumber property of his vendor even for necessary repairs, unless the consent of the vendor is shown by other act than merely putting conditional vendee in possession and permitting him to use it pending payment.[1]

Appeal from District Court, First District, Cache County; *M. C. Harris,* Judge.

Replevin by the Cache Auto Company against the Central Garage and others. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*L. E. Nelson,* of Logan, for appellant.

*E. T. Young,* of Logan, for respondent.

THURMAN, J.

On July 20, 1921, plaintiff sold and delivered to the defendants, other than Central Garage Company, a certain automobile for the sum of $300, payable at a later date and retained title within itself as security for the purchase price. The title retaining agreement provided that in default of payment of the sums therein mentioned plaintiff might retake possession of the car. On December 7, 1921, the defendant Carlisle, one of the purchasers, took the car to the defendant Central Garage Company for repairs with instructions to put the machine in thorough repair, which was afterwards done in accordance with said instructions. Said repairs, consisted in overhauling the machine, furnishing material and acces-

[1] *Russell* v. *Harkness,* 4 Utah, 197, 7 P. 865; *Passow et al* v. *Emery,* 37 Utah, 49, 106 P. 935.

sories therefor, and bestowing labor thereon amounting in value to the sum of $99.14. At the time the repairs were made the defendant Central Garage Company had no knowledge, either actual or constructive, that plaintiff held a title retaining note or agreement for the car, but believed it belonged to the above-named purchasers; that defendant Carlisle so represented when he took the car to the garage for repairs; that said defendant Central Garage Company never knew that plaintiff claimed an interest in the car until June, 1922. In addition to the foregoing facts, which were stipulated by the parties, it was further stipulated that there was due plaintiff on the purchase price $205.63; that the car was reasonably worth the sum of $225; and that the Central Garage Company retains possession thereof, claiming a lien thereon to secure the account for repairs.

The action is in claim and delivery and for value of the property in case delivery cannot be had. Defendant Central Garage Company in addition to its answer in which it set up its claim of lien for repairs also filed a cross-complaint for the same amount against its codefendants who requested the repairs to be made.

The Logan city court, in which the action was commenced, found the issues in favor of the defendant Central Garage Company and against the plaintiff on the claim of lien and ordered a sale of the car. The court also found for defendant Central Garage Company against its codefendant, Myron C. Carlisle, for the sum charged for repairs and for a deficiency judgment.

Plaintiff appealed to the district court for Cache county, in which court judgment was entered for the plaintiff. From the judgment so entered defendant Central Garage Company prosecutes this appeal.

The findings of the court are in accordance with the facts above set forth, as to which there is no dispute.

The question is as to the priority of appellant's lien for repairs as against the lien of respondent for the amount due on the purchase price. This precise question has never been determined by this court in any previous case.

Appellant bases its claim of lien upon Comp. Laws Utah 1917, § 3773, which reads as follows:.

"Any mechanic or other person who shall make, alter, repair, or bestow labor upon any article of personal property, at the request of the owner of such property, shall in like manner have a lien upon such articles for his reasonable charges for the labor performed and for any materials furnished and used in making such alteration, repair, or improvement."

No question is made by the parties as to the reasonableness of the charge for repairs.

The question as to the right of a vendor of personal property, who retains title until the purchase price is paid to hold such title and maintain an action therefor as against the vendee, in default, or third person claiming under such vendee, was determined by this court in a very early case. *Russell* v. *Harkness,* 4 Utah, 197, 7 Pac. 865. The headnote, consisting of a single paragraph, sufficiently states the facts and the holding of the court:

"The plaintiff delivered to P. and F. certain machinery upon the conditions that the title thereto should remain in the plaintiff until certain notes, taken for the purchase price thereof, were paid and on such payment should rest in P. and F., that the plaintiff could take possession of the machinery on default in the payment of any note or when it deemed itself insecure, could sell the same and credit the proceeds on the notes and hold P. and F. for the residue. P. and F. sold and delivered the machinery to defendant and then failed to pay one of the notes; the contract between plaintiff and P. and F. lacked the statutory requisites of a chattel mortgage; *held* that the transaction between plaintiff and P. and F. was a conditional sale and that the plaintiff was entitled to the property as against the defendant."

In *Passow et al.* v. *Emery,* 37 Utah, 49, 106 Pac. 935, the court again had occasion to pass upon a question substantially similar to the question determined in *Russell* v. *Harkness.* In the opinion in that case, at page 59 of 37 Utah, at page 938 of 106 Pac., of the report, the court says:

"Where, as in the transaction in question, the title is retained by the vendor, this court, as appears from the cases cited by Mr. Justice Straup, beginning with *Russell* v. *Harkness,* 4 Utah, 197, 7 Pac. 865, to *Freed, etc., Co.* v. *Sorenson,* supra, has consistently and persistently held that a third person cannot acquire any interest in the

14 SUPREME COURT OF UTAH [Dec.

Cache Auto Co. v. Cent. Garage, 63 Utah 10

property from the vendee by reason of his possession adverse to the vendor, without his consent, either express or implied. Whether such a rule, in all cases and under all circumstances, reflects the most equitable results is not a material question now. Those who transact business in this state have the right to rely upon the law as declared in the decisions of this court, and are entitled to the full legal effects of contracts respecting conditional sales. Nor are the legal effects of such contracts to be avoided by false or un-natural constructions."

These cases clearly determine the ownership of personal property by a vendor who retains title in himself until the purchase price is paid, whether against the conditional vendee or third person claiming under him.

The statute, Section 3773, above quoted, authorizes the lien of a repairman only "at the request of the owner of such property," and that appears to be the nub of the entire con-troversy.

Appellant contends for the priority of its lien upon either one of two theories: (1) That the vendor by permitting the property to remain in the control of the purchaser gives the purchaser implied authority to have the necessary repairs made therefor and to afford the repairman a superior lien for the payment of the amount; (2) that the seller constitutes the buyer his agent to have necessary repairs made, and thereby consent of the owner is implied.

The two theories are based upon the holdings of two lines of authority, both reaching the same result. Each of these theories involves the necessity of changing the literal mean-ing of the statute by an interpretation which at least violates a fundamental rule of construction. The plainest and perhaps the most important rule of construction is that unless technical terms are used the words employed must be given their usual and ordinary meaning. This is not only a general rule recognized in every jurisdiction of the country, but is, in effect, the rule declared by statute. Comp. Laws Utah 1917, § 5847.

Appellant, however, in a carefully prepared brief, refers us to many cases which more or less appear to support its contention. Among the many authorities cited, reference is

made to Huddy on Automobiles (5th. Ed.) § 877, and Berry on Automobiles (3d Ed.) § 1329, all of which authorities uphold the mechanic's lien as against the owner of the car. Huddy cites the following cases which we will briefly review, making special reference to the statutes by which the cases are controlled:

*Weber Implement & Automobile Co.* v. *Pearson*, 132 Ark. 101, 200 S. W. 273, L. R. A. 1918D, 327, was a case in which an automobile was sold on condition—the vendor retaining title until the purchase price was paid. The case involved priority of liens as between the vendor and the repairman who repaired the car at the request of the conditional vendee. The statute relied on by the repairman provided that blacksmiths and wheelwrights who perform work or labor for any person, if unpaid for, the same shall have an absolute lien on the product of their labor on the property described and for all material used in making the repairs. Nothing whatever is said as to the owner or person ordering the repairs.

*Davenport* v. *Grundy Motor Sales Co.*, 28 Cal. App. 409, 152 Pac. 932, was also a conditional sales case of an automobile in which the vendor retained title until payment of the purchase price. The conditional vendee left the car with the defendant for repairs, and, his repairs having been made and not paid for, defendant retained the car, claiming a lien thereon as security for the amount due for repairs. Plaintiff sued in claim and delivery. The question involved was priority of liens. The California statute controlling the case provides that—

"A person who makes, alters or repairs any article of personal property, at the request of the owner, *or legal possessor of the property*, has a lien on the same for his reasonable charges," etc. (Italics supplied.)

In *Etchens* v. *Dennis & Sons Garage et al.*, 104 Kan. 241, 178 Pac. 408, a conditional sale was made of an automobile, the vendor retaining title until the car was paid for. The vendee left the car with defendants for repair. The repairs were not paid for, and the defendants retained the car under claim of lien. Plaintiff, the vendor, sued in replevin. Prior-

16          SUPREME COURT OF UTAH          [Dec.

Cache Auto Co. v. Cent. Garage, 63 Utah 10

ity of lien was the sole question involved. The statute (Gen. St. 1915, § 6082) under which the claim of lien was made provides that—

"Whenever any person shall intrust to any mechanic, artisan or tradesman * * * any article of value to be * * * repaired, such mechanic, artisan or tradesman shall have a lien on such article."

In *Broom & Sons* v. *Dale & Sons,* 109 Miss. 52, 67 South. 659, L. R. A. 1915D, 1146, an automobile was sold on conditional sale the vendor retaining title pending payment of the purchase price. The vendee had it repaired, and failed to pay the amount charged. The repairman brought suit against the vendee for the sum due, and prayed the court to establish a mechanic's lien on the car. The vendor interpleaded alleging his title. Judgment was rendered in his favor in the trial court, but was reversed on appeal and judgment entered in favor of the repairman's lien. The statute involved is not quoted in the opinion, but the court states its effect as follows:

"In this state, by statute (section 3075 of the Code of 1906) a mechanic is given the right to retain in his possession any article which he repairs until the price of his labor and material furnished in making such repairs shall be paid."

In *City National Bank* v. *Laughlin* (Tex. Civ. App.) 210 S. W. 617, the bank brought suit against Laughlin on notes executed by him and to foreclose a chattel mortgage upon an automobile. Appellees, Henderson and Lefforge, were in possession, claiming under a lien for repairs, and were made parties to the action. The court, on rehearing, reversed its former judgment in favor of the bank and rendered judgment upholding the lien for repairs. The statute relied on by the mechanics in that case provided that the mechanic or artisan may retain possession of an article which he has repaired until the amount due for repairing shall be paid, and also provided for sale of the property.

The foregoing cases cited by Huddy, in support of the text, were all decided in favor of the lien for repairs as against the claims of the vendors. To that extent they support the contention of appellant. But, when we compare the statutes

which controlled the decisions of the courts with the Utah statute, the difference is so pronounced as to demonstrate that the cases shed no light whatever upon the question presented here. The Utah statute permits the lien only where the repairs are made at the request of the owner. The statute referred to in the cases reviewed contain no such limitation. So that as far as Huddy is concerned he cannot be considered as an authority for appellant.

Berry on Automobiles, § 1329, relied on by appellant, cites many of the cases already reviewed. In addition to those the author cites the following:

*Drummond Carriage Co. et al. v. Mills*, 54 Neb. 417, 74 N. W. 966, 40 L. R. A. 761, 69 Am. St. Rep. 719, was a chattel mortgage case. The vendee sold a ''Breton buggy'' to a physician, taking a chattel mortgage thereon to secure payment. The buggy was used by the physician, and some of the repairs made thereon at his request were made with the vendor's knowledge. The Drummond Carriage Company, by whom the repairs were made, retained the buggy in its possession, claiming a common-law lien thereon. The purchase price was not paid, and the vendor instituted an action of replevin against the repair company to recover possession. The opinion is a somewhat interesting discussion as to the right of a mechanic's lien at common law, but it is not at all helpful in the instant case in view of our statute hereinbefore quoted. As the doctrine that a repairman's lien at common law is held superior to a recorded chattel mortgage made to the vendor appears to be going a long way, it is perhaps fair to the Nebraska court to quote the last paragraph of the opinion, which discloses some reason at least for the conclusion reached:

"We are not holding that in all cases, or generally, the common-law lien will override and be superior to the prior chattel mortgage lien, but that in cases where the mortgagor can be said to have expressed or implied authority from the mortgagee to procure repairs to be made on the mortgaged property it will be so."

*Watts v. Sweeney*, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615, was a case in which a railroad company to secure payment of its negotiable bonds executed a mortgage upon

its real estate, its road and equipment, including a certain engine. Sweeney & Sweeney operated a foundry and machine shop and the railroad company intrusted them with the engine for repairs, the charges for which were not paid. The repairmen claimed a lien and sold the engine as provided by statute. Appellant, the mortgagee, instituted an action to foreclose the mortgage. The statute (Rev. St. 1881, §§ 5304, 5305) relied on provides that—

"Whenever any person shall intrust to any mechanic or tradesman materials to construct, alter, or repair any article of value, such mechanic or tradesman, if the same be completed and not taken away, and his fair and reasonable charges not paid, may, * * * sell the same."

The court, in its opinion, characterizes the statute as "awkwardly worded," but, in effect, states it did not change the rule that existed at common law. It found in favor of the repairmen holding that their lien was prior to the mortgage.

*Rehm* v. *Viall*, 185 Ill. App. 425, was a case involving priority of liens as between a mortgagee and a mechanic claiming a common-law lien for repairs. It was held by the court that authority of the mortgagee might be implied where the property is to be retained and used by the mortgagor and is of such a character as to involve necessity for repairs. No statute is involved.

We have now called attention to all the cases cited by Huddy and Berry that in any way appear superficially to lend support to appellant's contention. A few of them involve common-law liens; most of them are cases in which the lien is based upon a statute, and in no case is the statute similar to ours.

Counsel for appellant quotes at great length from the opinion in *Reeves* v. *Russell*, 28 N. D. 265, 148 N. W. 654, L. R. A. 1915D, 1149, and makes the statement that the lien statute relied on in that case is similar to the Utah statute in question here. To dispel counsel's illusion in that regard it is only necessary to quote the North Dakota statute (Rev. Codes 1905, § 6295) which is very brief:

"A person who makes, alters or repairs any article of personal property, at the request of the owner *or legal possessor of the prop-*

*erty*, has a lien on the same for his reasonable charges for work done and materials furnished, and may retain possession of the same until the charges are paid." (Italics supplied.)

If the Utah statute had provided that repairs might be made at the request of the legal possessor as well as at the request of the owner, this lawsuit would never have reached this court. In fact it is highly improbable it would have been instituted in the court below.

Such a statute as the North Dakota statute undoubtedly has the effect of giving the repairman a prior lien as against the owner of the property when the repairs are ordered by one having legal possession of the property, but where the statute expressly limits the right of lien to repairs made "at the request of the owner" the owner has the prior lien. This is well established in two cases from the state of Washington cited by respondent: *Crosier* v. *Cudihee*, 85 Wash. 237, 147 Pac. 1146, and *Wilcox* v. *Mobley*, 116 Wash. 118, 198 Pac. 728. In each case an automobile was sold on condition, the vendor retaining title until the car was paid for. The question in each case was priority of lien as between the owner and the mechanic who repaired the machine at the request of the conditional vendee in possession. The first case was tried under the following statute (Rem. & Bal. Code) :

"Sec. 1154. Every person, firm or corporation who has expended labor, skill or material on any chattel, at the request of its owner, or authorized agent of the owner, shall have a lien upon such chattels for the contract price for such expenditure, or in the absence of such contract price, for the reasonable worth of such expenditure, * * * notwithstanding the fact that such chattel be surrendered to the owner thereof: Provided, however, that no such lien shall continue after the delivery of such chattel to its owner as against the rights of third persons who may have acquired an interest in, or the title to, such chattel in good faith, for value, and without actual knowledge of the lien."

"Sec. 1156. Every person who is in possession of a chattel, under an agreement for the purchase thereof, whether the title thereto be in him, or his vendor, shall, for the purposes of this act, be deemed the owner thereof, and the lien of a person expending material, labor or skill thereon shall be superior to and preferred to the rights of the person holding the title thereto, or any lien thereon antedating the time of expenditure of the labor, skill or material

20          SUPREME COURT OF UTAH          [Dec.

Cache Auto Co. v. Cent. Garage, 63 Utah 10

thereon by a lien claimant, to the extent that such expenditure has enhanced the value of such chattel."

Judgment was entered in favor of the repairman. Before the second case was tried the above statute was amended by limiting the right of a repairman's lien to repairs made "at the request of the owner," exactly identical in that respect with the Utah statute. Under the statute as amended, the Washington court held the owner's lien was prior to that of the repairman. It seems to us that the court could not consistently have held otherwise than it did in each of these cases and that the logic of the cases is practically conclusive of the question presented here. They are the only cases thus far considered when construed together that deal with the question this court is called upon to determine.

In *Shaw* v. *Webb*, 131 Tenn. 173, 174 S. W. 273, L. R. A. 1915D, 1141, Ann. Cas. 1916A, 626, the second headnote states the nature of the case and reflects the opinion of the court:

"The lien on a vehicle for repairs furnished at the request of the owner or his agent, in favor of the mechanic, etc., who undertakes the work, notwithstanding he may have parted with its possession, given by Acts 1909, c. 150, is subordinate to the lien of the conditional seller of the vehicle, since placing the vehicle in the possession of the conditional buyer should not be considered as a consent in advance to the subordination of the title retained for security for the payment of the purchase money, and since the seller's intent, if any, to permit repairs and a consequent lien attaching to his interest should be manifested in the note contract, as otherwise notes containing the reservation of title would be deprived of a considerable element of marketability."

The legal principles involved are clearly elucidated in the last column, on page 295, of the report, to which, without quoting, we invite the attention of the reader.

In *Baughman Automobile Co.* v. *Emanuel*, 137 Ga. 354, 73 S. E. 511, 38 L. R. A. (N. S.) 97, a conditional sale case, we again quote from the headnote, as the nature of the case and holding of the court are succinctly stated:

"A court of equity will not entertain jurisdiction to enjoin the owner of personal property from asserting his title by appropriate remedy at law to recover the property, as against one who is seeking to subject it by the foreclosure of a mechanic's lien for labor performed and material furnished to repair the property at the

instance of the vendee, who had not paid the purchase price thereof, and where the vendor had retained the title to the property, and the contract of sale was duly recorded, although the vendor knew of the labor performed and the repairs being made on the property, and that the vendee was insolvent.

"(a) The mechanic's remedy in such case is by paying the vendor the balance of the purchase price of the property due by the vendee, and then subjecting the property to the mechanic's lien for the labor and material furnished, as the property of the vendee."

It will be observed that in that case the court held that the mechanic's remedy in such case is to pay the vendor the balance of the purchase price and then subject the property to his lien. We are of opinion that in many, if not in most, cases the remedy suggested would be entirely adequate. It might work a hardship in some cases, but such happenings are not unusual in the ordinary business affairs of life. In any event, in view of our statute and the interpretation of similar statutes by courts of eminent respectability, it should be conceded that this court is powerless to grant the relief for which appellant contends. In all the statutes we have had occasion to review, except the Washington statute, there is possibly some excuse for holding that the consent or authority of the owner for making the repairs may be implied. Under our statute the court does not feel justified in indulging in the presumption that a conditional vendee has authority to encumber the property of his vendor, even for necessary repairs, unless the consent of the vendor is shown by some act or conduct on his part besides merely putting the conditional vendee in possession of the property and permitting him to use it pending payment of the purchase price.

The judgment of the trial court is affirmed, at appellant's cost.

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.