# THEODORE SUNDIN AND ANOTHER v. J. E. SWANSON AND OTHERS.[1]

April 19, 1929.

No. 26,888.

*Jamison, Stinchfield & Mackall,* for appellant.
*F. Gordon Wright* and *Lyle Z. Wright,* for respondents.

DIBELL, J.

Action to foreclose a lien upon an auto for work and materials furnished in the repair of it. The plaintiffs demurred to the answer of the defendants for insufficiency of facts. The demurrer was sustained, and the defendant The Boyd Shops appeals.

The work was done and the materials were furnished at the instance of the conditional vendee in possession. The plaintiffs claim a lien superior to the right of the conditional vendor.

The statute, G. S. 1923 (2 Mason, 1927) §§ 8507-8508, relative to a lien for labor and material employed or furnished or used upon personalty in possession is:

[1] Reported in 225 N. W. 15.

§ 8507. "Whoever at the request of the owner or legal possessor of any personal property shall store or care for or contribute in any of the modes mentioned in the next section to its preservation, care, or to the enhancement of its value, shall have a lien upon such property for the price or value of such storage, care or contribution, and for any legal charges against the same paid by such person to any other person, and the right to retain the property in his possession until such lien is lawfully discharged; but a voluntary surrender of possession shall extinguish the lien herein given."

§ 8508. "Such lien and right of detainer shall exist for: * * *
"4. Making, altering or repairing any article, or expending any labor, skill or material thereon."

The statute having specific reference to liens on motor vehicles as amended by L. 1925, p. 446, c. 352, as it appears in 2 Mason Minn. St. is:

§ 8524. "Whoever performs or contributes any labor or skill, or furnishes or contributes any machinery, materials, storage, in making, altering, repairing, storing, or otherwise caring for any motor vehicle whether pursuant to a contract with the owner of such motor vehicle or at the instance or request of any agent of such owner, shall have a lien upon such motor vehicle for the price, or value, of the labor or skill performed, or machinery, supplies, materials, storage, is furnished pursuant to a contract for an agreed price, the lien shall be for the sum so agreed upon; otherwise, it shall be for the reasonable value thereof."

§ 8528. "* * * The term 'owner' shall include the conditional vendee or mortgagor in possession."

Subsequent sections provide for a foreclosure by action wherein the lien claimant obtains possession, the auto is sold as personal property on execution, the lien claim is paid, and the remainder of the proceeds is paid to the owner or other person entitled thereto.

In the 1913 compilation §§ 8507-8508 are §§ 7036-7037; and §§ 8524-8528 are §§ 7053-7057 as amended by L. 1911, p. 447, c. 320, and the 1925 act. This is noted because some of the cases cite the 1913 compilation.

The facts to which the statutory law is to be applied are these: In March, 1927, the defendant Boyd Shops sold the auto sought to be charged with a lien by conditional sales contract recorded March 15, 1927, to the defendant Swanson. The Boyd Shops then assigned its right or title to the Commercial Investment Trust, a financing concern, and guaranteed payment by Swanson. In making the assignment it was agreed that if default should be made by the conditional vendee and the Trust should repossess itself of the auto, it would resell to The Boyd Shops, the consideration being the payment by The Boyd Shops to the Trust of the amount remaining unpaid on Swanson's contract.

Swanson took possession when he purchased. Between August 20, 1927, and September 3, 1927, the plaintiffs, at his request, performed work and furnished materials of the value of $18.45 for which they claim a lien prior to the right of the conditional vendor. On September 15, 1927, default was made by Swanson in his payments to the Trust, and on October 7, 1927, the Trust repossessed itself of the auto under the provisions of the conditional sales contract. On October 20, 1927, plaintiffs filed their claim of lien. On October 24, 1927, The Boyd Shops paid the Trust $394.98, pursuant to the agreement for a resale, and the Trust then transferred its title to The Boyd Shops. The plaintiffs filed their claim of lien as required by the motor vehicle statute.

Upon these facts the question argued is whether the lien of one who furnishes labor and materials in the repair of an auto at the request of the conditional vendee in possession, and surrenders possession, takes precedence of the recorded title of the conditional vendor.

The plaintiffs have no lien under §§ 8507-8508, for they surrendered possession. If they had retained possession they would have a lien prior to the title of The Boyd Shops under Stebbins v. Balfour, 157 Minn. 135, 195 N. W. 773, where we held that the statute intended priority and that it was not superseded or rendered inapplicable as to work done on automobiles by §§ 8524-8528. And see Monthly Instalment Loan Co. v. Skellet Co. 124 Minn. 144, 144 N. W. 750 (priority of lien of warehouseman) ; Smith v. Stevens,

36 Minn. 303, 31 N. W. 55 (priority of lien of a liveryman). If the plaintiffs have a lien superior to the title of The Boyd Shops it must be because of §§ 8524-8528. Whether the statute gives priority was queried but not decided in Reed v. Horton, 135 Minn. 17, 159 N. W. 1080.

There are cases holding with considerable strictness that a statutory lien does not take precedence of a prior contractual lien unless an intention to that effect is declared or clearly shown. Atlas Securities Co. v. Grove, 79 Ind. App. 144, 137 N. E. 570; Madison R. L. Assn. v. Wells, 79 Ind. App. 266, 137 N. E. 769; Shaw v. Webb, 131 Tenn. 173, 174 S. W. 273, L. R. A. 1915D, 1141, Ann. Cas. 1916A, 626; Eccles v. Will, 23 N. M. 623, 170 P. 748, L. R. A. 1918C, 1022; Cache Auto Co. v. Central Garage, 63 Utah, 10, 221 P. 862, 30 A. L. R. 1217; Metropolitan Securities Co. v. Orlow, 107 Ohio St. 583, 140 N. E. 306, 32 A. L. R. 992.

In other cases it is held that where the statute gives a lien with the right to retain possession until payment is made priority is intended. Jesse A. Smith Auto Co. v. Kaestner, 164 Wis. 205, 159 N. W. 738; Mortgage Securities Co. v. Pfaffmann, 177 Cal. 109, 169 P. 1033, L. R. A. 1918D, 118; Johnson v. Yates, 183 N. C. 24, 110 S. E. 603; Barrett v. Commercial Credit Co. 54 App. D. C. 249, 296 F. 996; Bardasch v. Kalisch, 118 Misc. 119, 193 N. Y. S. 719.

Referring to a statute similar to § 8507, the Wisconsin court in the case cited said [164 Wis. 207]:

"The clause 'and may retain possession of such property until such charges are paid' contains no exception in favor of prior lien claimants, and the court can make none."

And in Bardasch v. Kalisch, 118 Misc. 119, 193 N. Y. S. 719, where the statute gave the garage keeper a lien "whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, * * * and may detain such motor vehicle at any time it may be lawfully in his possession until such sum is paid," the court expressing the general thought of the other cases cited said [193 N. Y. S. 720]:

"The provision of the statute which allows the artisan to retain possession of the chattel until his lien is paid indicates an expressed intention on the part of the legislature to create a prior lien in favor of the artisan as the provision for such possession could have no other effect than to create a right superior to that of the mortgagee."

There is no difficulty in following these cases. The language construed by them is substantially that of § 8507, which was held to give priority over an earlier mortgage in Stebbins v. Balfour, 157 Minn. 135, 195 N. W. 773, and Monthly Instalment Loan Co. v. Skellet Co. 124 Minn. 144, 144 N. W. 750. And in Smith v. Stevens, 36 Minn. 303, 31 N. W. 55, priority was given the lien of a liveryman under a statute using language like that of § 8507. But they do not help the plaintiffs, for there is no similar language in § 8524 and no language indicating a purpose to give the lienor priority. Nor is there anything in the situation of the parties from which authority in fact from the conditional vendor to his vendee to charge the property with a lien can be found. It is not enough that the vendee by consent has possession nor that the term "owner" by the definition of the statute includes the vendee in possession. Under § 8524 the plaintiffs have no superior lien.

The cases are collected in 3 Blashfield, Enc. Auto. Law, p. 2771, et seq; Babbitt, Motor Vehicles (3 ed.) § 788; Huddy, Automobiles (8 ed.) § 1179; Notes, 32 A. L. R. 1005; 30 A. L. R. 1227; 20 A. L. R. 249; L. R. A. 1915D, 1150; L. R. A. 1918C, 1024.

Counsel for the contending parties discuss at length the practical inconvenience and the injustice which result from one construction or the other. We do not feel that their arguments are forceful. Any construction may be inconvenient and seem unjust to the one who suffers by it. Under that given, the one who furnishes labor or material can protect himself by retaining possession; or, without retaining possession, he may enforce his lien subject to the prior right of the conditional vendor. The title of the conditional vendor is subject to a lien which the statute in force when he contracts gives. He cannot claim a legal hardship, and no question can be

made of the constitutionality of the statute which places a lien ahead of his title. Stebbins v. Balfour, 157 Minn. 135, 195 N. W. 773, and cases cited.

We hold that the laborer and materialman who retains possession has a lien under § 8507 for work and labor done which has priority over the prior recorded title of the conditional vendor, but which is lost by a voluntary surrender of possession; and that he has no prior lien under § 8524. The answer states facts which prevent the granting of the full relief asked by the plaintiffs, and the demurrer should have been overruled.

Order reversed.