WILLIAM P. TOWNSEND *vs.* RICHARD W. JOHNSON and another.

January 14, 1886.

**Insolvency—Creditor not prejudiced by Debtor's Fraud.** The validity and *bona fides* of an actual indebtedness cannot be affected by conduct on the part of the debtor towards his other creditors with which the creditor owning such indebtedness is in no way connected, and of which he has neither knowledge nor notice.

Defendant W. L. Anderson made an assignment to defendant Johnson, in 1884, under the provisions of Laws 1881, *c.* 148. Plaintiff, the father-in-law of Anderson, filed claims with the assignee amounting to over $20,000, based on promissory notes made by defendant Anderson for money alleged to have been advanced by plaintiff. The assignee disallowed the claims, and plaintiff appealed to the district court for Ramsey county, where the action was tried before *Brill, J.*, and a jury, and plaintiff had a verdict. Defendant Johnson appeals from an order refusing a new trial.

Upon the trial the defendant introduced evidence tending to show that defendant, in borrowing money for his business, had stated that he owed his father-in-law nothing, and, in making statements as to the condition of his business, had omitted to include the indebtedness to plaintiff. The court instructed the jury that there was no evidence of fraud in this case upon the part of the plaintiff, and that that question was out of the case.

*W. D. Cornish* and *J. D. O'Brien*, for appellant.

*Warner, Stevens & Lawrence*, for respondent.

BERRY, J. Upon the evidence in this case, we cannot see how the jury could fairly and reasonably have reached any other conclusion than that expressed in their verdict. As charged by the trial judge with reference to the notes involved in this appeal, the substantial question upon the evidence was whether Anderson executed and delivered the notes to plaintiff for and on account of actual loans of money to him by the latter. Upon this question the evidence is really all with the plaintiff. What Anderson may have said to other persons in reference to his indebtedness to plaintiff, or in the way of representing that he owed him nothing, or what object he may have had in making the loans, or executing the notes therefor, cannot affect the validity of plaintiff's claim on account of money actually loaned, as represented by the notes, or his right to recover thereon as against Anderson's other creditors, so long as there is no evidence in any way connecting plaintiff with, or affecting him with knowledge or notice of, the alleged fraudulent conduct and intent with which Anderson is thus sought to be charged. Certainly such a case is not one for the application of the doctrine of estoppel by conduct, or, as it may more properly be called, by *mis*conduct. That estoppel arises when one, by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and to act accordingly. *Pence* v. *Arbuckle*, 22 Minn. 417; Bigelow on Estoppel, 484, 593; Bigelow on Fraud, 438, 439. Clearly, the plaintiff's case does not come within this definition. The validity and *bona fides* of an actual indebtedness cannot be affected by conduct on the part of the debtor towards his other creditors with which the creditor owning such indebtedness is

in no way connected, and of which he has neither knowledge nor notice.

Order affirmed.