IVERS & POND PIANO COMPANY *vs.* HATTIE E. ALLEN.

Washington.   Opinion February 27, 1906.

*Trover.   Conversion.   Conditional Sale.   Chattel Mortgage.   Recorded and Unrecorded Chattel Mortgages.   R. S., c. 114, § 5.*

The defendant gave a mortgage of a piano to the plaintiff who did not record his mortgage.   Afterwards she gave another mortgage to one M. who recorded it.

*Held:* that this was an illegal and unauthorized exercise of dominion over the piano, inconsistent with and detrimental to the rights of the plaintiff, and was a conversion of it by the defendant, without any manual transfer of the property.

On exceptions by plaintiff.   Sustained.

Trover brought to recover the value of a piano belonging to the plaintiff and alleged to have been converted by the defendant to her use.   Plea, not guilty.

The piano was delivered to the defendant in July, 1904, and at the time a lease and agreement was executed between them which

retained the property in the piano in the plaintiff until fully paid for, but which was never recorded.

The defendant paid under the lease as agreed up to February, 1905, when the property was destroyed by fire, there being then still due on the lease $225.

A demand was made on the defendant by plaintiff in June, 1905.

On Dec. 28th, 1904, the defendant mortgaged the piano together with some other property to William G. Means. His mortgage was recorded, but he never took possession of the property.

The value of the piano at the time the defendant mortgaged it to Means was $250.

In the court of the first instance, on the foregoing facts, a nonsuit was ordered, and thereupon the plaintiff excepted. It was also agreed that if the nonsuit was incorrectly ordered that the plaintiff should have judgment for $250 and costs.

The lease executed by the parties runs as follows:

"BOSTON, MASS., July 7th, 1904.

"I have hired of Ivers & Pond Piano Company a Piano-Forte, Style 231 of said Company's make, Number 32663, valued at three hundred dollars ($300) I agree to pay for the use of same, Ten Dollars cash, the same being rent hereof to August 7th, 1904; and Eight Dollars thereafter, as long as I hire it, a monthly rent of Eight Dollars, payable monthly, in advance, and at the same rate for fractions of a month, with interest at six per cent per annum on unpaid balances of said valuation, at said Company's Warerooms, 114 Boylston Street, Boston.

"Said instrument shall not be removed (except on account of danger from the elements) from my premises at Machias, Maine, without written consent of said Company, and unless I buy it, shall be returned to said Company in as good order as when received by me, ordinary wear excepted.

"If I fail to perform any of these agreements said Company may, without notice or demand, take and remove said instrument, wherever it may be, and thereupon my right to hold or use it shall

cease, without prejudice to said Company's rights·on account of any preceding breach hereof.

Signed in Duplicate,                    HATTIE E. ALLEN, Lessee.

Post Office address, Machias, Maine.

" If said lessee does as agreed above, till payments of rent amount to valuation and interest above named, said piano shall then. become her property.

Signed in Duplicate,

IVERS & POND PIANO COMPANY, Lessor,

By I. H. CRABTREE."

*W. R. Pattangall*, for plaintiff.

*H. H. Gray and A. D. McFaul*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

POWERS, J. Trover for a piano. In ;July, 1904, the plaintiff delivered the piano to the defendant, who at that time executed and delivered to the plaintiff a lease or agreement in regard to the same, reciting that she had paid ten dollars for rent until August 7, 1904, and was to pay eight dollars a month for the use of the same, as long as she hired the piano, until $300 and interest on unpaid balances of that sum was paid, and that, if she fulfilled her agreements till the payments of rent amounted to $300 and interest, the piano should become her property. This instrument was never recorded. The defendant paid as agreed up to February, 1905, when the piano was destroyed by fire. On December 28, 1904, the defendant mortgaged the piano to one Means, who recorded his mortgage but never took possession of the property. The presiding justice ordered a nonsuit and the plaintiff excepted. By agreement of the parties, if the nonsuit was incorrectly ordered, the plaintiff is to have judgment for $250.

The so called lease was in substance a conditional sale, not valid, except between the original parties, without record. R. S., chapter 114, section 5. The plaintiff's mortgage of the piano, not simply of

her interest in it, conveyed a good title to Means. Before that mortgage and its record the plaintiff had the full title to. the property, subject to the defendant's equity of · redemption. After that the plaintiff had simply the right to redeem from the Means mortgage. The fact that the plaintiff saw fit to trust to the defendant's honor instead of recording its lease, gave her no right to sell or dispose of the piano in any way that would injuriously affect its rights. As against the defendant its claim was valid, and her mortgage of the property was an illegal and unauthorized exercise of dominion over it, inconsistent with and detrimental to the rights of the plaintiff. It requires neither citation nor argument to show that such an act, carrying with it such consequences, was a conversion of the property, without any manual transfer or removal of it. Indeed we know of no accepted definition of a conversion which would exclude the facts of this case. It is sometimes said, that a mere paper sale of a chattel without transfer of possession does not constitute a conversion. That is true, where the rights of the owner to possession, and his legal interest in and title to the chattel, remain unaffected and unimpaired by the sale. Not so here, where the legal effect of the defendant's unlawful act deprived the plaintiff of its property and its right to possession thereof.

This case is not to be confounded with cases against a mortgagor, who has sold only his interest in the mortgaged property, as in *White* v. *Phelps*, 12 N. H. 382, or with cases against a vendee of the mortgagor, as in *Dean* v. *Cushman*, 95 Maine, 454, who obtains by his purchase a right of possession against all the world except the mortgagee.

*Exceptions sustained.*
*Judgment for the plaintiff for $250.*