## J. C. STEGMEIR v. B. R. LANNON AND OTHERS.[1]

October 2, 1931.

No. 28,466.

R. F. Schroeder, for appellants.
Bryce E. Lehmann and Worth K. Rice, for respondent.

LORING, J.

Defendant Slater owned an automobile. August 12, 1930, a judgment creditor of his levied an execution on the car. August 13 respondent filed a motor vehicle lien for material (tires and tubes) furnished at Slater's request for the car on the 22nd of July, 1930. September 6, 1930, the car was sold on the execution sale to the defendant Sciberlich, who now holds a chattel mortgage thereon. Defendant B. R. Lannon was the registered owner and in possession of the car when this suit was brought, and defendant James A. Lannon is her husband. Plaintiff brought this suit to recover possession for the purpose of foreclosing the motor vehicle lien.

[1]Reported in 238 N. W. 328.

The question presented by this record is whether or not such a motor vehicle lien, possession not being retained, is superior to a title acquired through an execution sale upon a levy made prior to the filing of the lien statement but after the furnishing of the material which is the basis of the lien. The learned trial court held that the motor vehicle lien was paramount and ordered judgment for the plaintiff. In so doing we are of the opinion that the court was right.

G. S. 1923, § 8524, as amended, 2 Mason, 1927, id. creates a lien upon motor vehicles for the agreed price or reasonable value of materials or labor furnished at the owner's request in repairing or otherwise caring for any motor vehicle. Section 8525 of the same statute provides that "the lien shall cease at the end of 60 days after the furnishing of the last item of such labor," or materials "unless within such period a statement of the claim therefor be filed for record with the register of deeds of the county, or with the city clerk of cities of the first class" in which the owner of the vehicle resides. It will be observed that the lien is created by the furnishing of the material or labor and not by the filing of the lien statement. The lien is in existence during the 60 days though nothing appears in the register's or clerk's office. The filing of the statement merely prevents the lien from lapsing. It is the means by which the lien is preserved and enforced. While the motor vehicle lien law does not contain a specific provision such as that in § 8494 in regard to the time of the taking effect of a mechanic's lien, nevertheless we believe that the intent of the legislature is sufficiently clear in § 8524 and that it creates a lien from the time of furnishing the labor or the material, and that the rights secured by levying an execution by a general creditor subsequent to the furnishing of the labor and material but prior to the filing of the lien statement are subordinate to those of the lienholder who seasonably files his statement. In re McAllister-Newgord Co. (D. C.) 193 F. 265. The case before us is to be distinguished from Sundin v. Swanson, 177 Minn. 217, 225 N. W. 15, for the reason that in the Sundin case the conditional vendor whose rights were held paramount to the motor vehicle lien acquired such rights and season-

ably protected them by filing his conditional sales contract prior to the accrual of the lien.

The judgment appealed from is affirmed.