## AL T. PENNIG v. J. M. SCHMITZ AND ANOTHER.[1]

June 9, 1933.

No. 29,506.

[1]Reported in 249 N. W. 39.

*Reuther & Sullivan* and *John P. Moylan,* for appellants.

*T. A. Alexander,* for respondent.

*STONE, Justice.*

Trover, wherein plaintiff had a verdict. Defendants, husband and wife, appeal from the order denying their motion for judgment notwithstanding or a new trial.

In November, 1923, plaintiff sold a warm air furnace to defendants under conditional sales contract and installed it in their home. In August, 1927, when $233.50 was still unpaid on the contract, defendants sold their dwelling, together with the furnace. The purchasers took possession without knowledge that the furnace was not paid for.

■ The furnace remaining plaintiff's property under the conditional sales contract, because not paid for (Sanders v. Keber & Miller, 28 Ohio St. 630), the absolute sale by defendants was a conversion. Anno. 73 A. L. R. 799; 24 R. C. L. 488; 55 C. J. 1301. Defendants did not pretend to sell merely their own interest in the furnace; they purported to dispose of it as their own property and to pass unencumbered title. Ivers & Pond Piano Co. v. Allen, 101 Me. 218, 63 A. 735, 115 A. S. R. 307, 8 Ann. Cas. 128. If a question of fact, it has been settled by the jury.

■ Defendants argue that the furnace became a fixture when installed in the house, part of realty, and so not possible of conversion. But the rule that there can be no conversion of realty has no application here. Title to the property being in plaintiff under the contract until paid for, he had the right at any time, upon default of the purchasers, to remove it, even though annexed to realty. Hence the furnace remained a chattel as between vendor and pur-

chasers, and so a proper subject of replevin or trover as between them.  Holland Furnace Co. v. Jefferson, 173 Minn. 121, 216 N. W. 795; Bromich v. Burkholder, 98 Kan. 261, 158 P. 63, L. R. A. 1916F, 1275; Hunt v. Bay State Iron Co. 97 Mass. 279; Detroit S. C. Co. v. Sistersville Brewing Co. 233 U. S. 712, 34 S. Ct. 753, 58 L. ed. 1166.

■ Plaintiff was allowed to testify that he asked defendants' purchasers "if they knew the furnace was unpaid, and they said they didn't know—they thought it was all paid for."  This testimony was admissible as the declaration of persons in possession of property which tended to characterize their possession.  In effect the declaration was that they thought themselves its owners.  As such it was admissible under the res gestae doctrine.  2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3306.

■ Because the amount due on the contract was $233.50 and the verdict only $182.15, defendants say the verdict is perverse, citing Alden v. Sacramento S. F. L. Co. 137 Minn. 161, 163 N. W. 133. But this is not an action for a balance due on contract.  Nor is plaintiff entitled to a liquidated sum or nothing.  Plaintiff's testimony that the furnace was worth $233.50 in August, 1927, was the only evidence as to value.  But the jury was not bound thereby. They could discount it and, considering the age of the furnace, award a smaller amount as its value.

The order appealed from is affirmed.