## EMANUEL STONE v. HENRY KOHLER AND OTHERS.[1]

December 22, 1933.

No. 29,677.

*Frank E. McAllister*, for appellant.
*Sexton, Mordaunt, Kennedy & Carroll*, for respondents.

*PER CURIAM.*

Plaintiff appeals from the order denying a new trial.

The action is to recover damages sustained when plaintiff's car collided with defendants' truck at a highway intersection. Plaintiff's car was a Ford coach of 1926 make. His minor son was also injured in the collision. An action was brought in behalf of the son against defendants and tried with the instant case, and verdicts were rendered in favor of each plaintiff. The verdict in favor of the minor seems to have been acceptable to the parties and has been paid. The sole complaint is the inadequacy of the verdict in the case at bar.

The items for which the jury could allow a recovery in this case were (a) injury to plaintiff's person; (b) medical services necessary because of the injuries sustained by himself and his son; (c) damage to his car. The verdict was for $225. The jury could well find that plaintiff's personal injuries were not of any serious consequences and that he had recovered therefrom before he began to wear the brace he wore at the trial. The evidence would also

[1]Reported in 251 N. W. 665.

justify the jury in finding that the only doctor's bill plaintiff was under obligation to pay was the one of $50 to Dr. Voges, who took care of the plaintiff and the son until the matter came into the hands of attorneys. The jury could conclude from the testimony of Dr. Lagersen and Dr. Hare that they were not looking to plaintiff to pay for the services they rendered. Neither one had rendered any bill to him. Dr. Lagersen testified that the reasonable charge at the hospital for the son was from $60 to $65; but, as to this also, there was no testimony that plaintiff had paid it or had been asked to do so or that he directed the hospital to treat his son. Plaintiff testified that his automobile was damaged to the extent of $150. The jury was not compelled to take his estimate at full face value. There is nothing in the whole trial to arouse the jury to passion or prejudice against plaintiff. The court below, who was in better position than this court to detect passion or prejudice of the jury, found no trace thereof in plaintiff's verdict and appeared satisfied with its amount. We find nothing in the charge or in the presentation of the evidence which leads to the conclusion that the verdict is perverse or that it is without adequate support as far as the amount is concerned.

The order is affirmed.