### R. G. PRATT v. BURT ARMSTRONG AND OTHERS. BUD JOHNSON, INC., INTERVENER.[1]

June 1, 1934.

No. 29,945.

*Linderman & Shaeffer,* for appellant.
*Wright, Lyons & Wright,* for respondent.

*HOLT, Justice.*
Intervener appeals from the order denying it a new trial.
The action was to foreclose a motor vehicle lien filed under the

[1]Reported in 255 N. W. 91.

provisions of 2 Mason Minn. St. 1927, §§ 8524-8528. Appellant intervened, claiming to have bought the automobile involved in good faith for value and without knowledge of the lien. The facts were stipulated. Upon such facts judgment was ordered for plaintiff. Intervener claims the facts entitled it to judgment discharging the automobile from the lien. The appeal presents this question: Is the lien given by § 8524 for storage and repairs of a motor vehicle superior to the title acquired by one who, without notice or knowledge of such lien, buys the vehicle for value and in good faith after the storage was furnished and the repairs were made and prior to the filing of the statement for lien under § 8525?

We have held that a lien given by the sections mentioned is superior to the title acquired through an execution sale upon a levy made before the filing of the lien statement, but after the furnishing of the repairs. Stegmeir v. Lannon, 184 Minn. 194, 195, 238 N. W. 328, 329. There it was said that § 8524 "creates a lien from the time of furnishing the labor or the material, and that the rights secured by levying an execution by a general creditor subsequent to the furnishing of the labor and material but prior to the filing of the lien statement are subordinate to those of the lienholder who seasonably files his statement." So also the title of a trustee in bankruptcy was held subordinate to a lien under the law mentioned although the lien statement was filed after the adjudication of bankruptcy. In re McAllister-Newgord Co. (D. C.) 193 F. 265. The eminent jurist who rendered that decision said [193 F. 266]:

"If the corporation had not gone into bankruptcy, would the lien have been good against a subsequent purchaser in good faith who bought the property within 60 days after the material was furnished and before any statement was filed? Would it have been good against an execution creditor who without notice thereof had levied upon the property under the same circumstances?"

The court answers the questions in the affirmative and says [193 F. 266]:

"As a general rule, a lien is inferior to all then existing liens and superior to all thereafter created. In order to make it superior to

liens already existing, the law must so declare. In order to make it inferior to liens subsequently created, there must be a declaration to that effect."

We appreciate that a trustee in bankruptcy and an attaching creditor take no better title to the personal property than the bankrupt or debtor had. The trustee or the attaching creditor stands in the shoes of the bankrupt or of the debtor. If the lien is good and enforceable against the title of the latter, it is likewise good and enforceable against the title of the former.

But it is claimed that the innocent *bona fide* purchaser of personal property takes the same free from secret liens or equities and may claim a better position than the seller as far as title to the property goes against unrecorded or unfiled liens. Appellant cites Huie v. Soo Hoo, 132 Cal. App. (Supp.) 787, 22 P. (2d) 808; Lanterman v. Luby, 96 N. J. L. 255, 114 A. 325; Abeytia v. Gibbons Garage, 26 N. M. 622, 195 P. 515; Kamaran v. Sidney Garage, 137 Misc. 744, 244 N. Y. S. 337; Smith v. Shell Lake Lbr. Co. 68 Wis. 89, 31 N. W. 694. Except in the last case cited, the controversy was between a *bona fide* purchaser of a motor vehicle and one claiming a statutory lien for storage or repairs thereon. In each case the court construed the statutes involved as not intending the lien given to have priority over the title of a *bona fide* purchaser who bought the vehicle without notice or knowledge of the existing lien. The statutes so construed lent themselves more readily to such a construction than do ours. In none of the above cited decisions is it held that it was not within the legislative power to subordinate the *bona fide* purchaser's title to an existing but unfiled garage man's storage or repair lien. The case above cited from Wisconsin involved a log lien statute. The logs subject to the lien had been sawed into shingles, and it was sought to enforce the lien against the shingles bought by defendant in good faith and without notice or knowledge of the lien. In the majority opinion the rights acquired by a *bona fide* purchaser of personal property as against secret liens is ably championed. In a forceful dissent the rule of *caveat emptor* is stressed, and from Beall v. White, 94 U. S. 382, 386, 24 L. ed. 173, this sentence is quoted:

"Statutory liens have, without possession, the same operation and efficacy that existed in common law liens where the possession was delivered."

This quotation may perhaps not be applicable under our decisions, for while in Stebbins v. Balfour, 157 Minn. 135, 195 N. W. 773, we held that a possessory lien under 2 Mason Minn. St. 1927, §§ 8507-8511, was superior to the lien of a prior recorded chattel mortgage, in Sundin v. Swanson, 177 Minn. 217, 225 N. W. 15, we held the lien claimed under §§ 8524-8528 subordinate to a vendor's recorded conditional sales contract. However, in this motor vehicle lien law (§§8524-8528) we find no intention expressed to protect the subsequent *bona fide* purchaser. Neither is such intention to be found in our log lien law (§ 8529), or the thresher's lien law (§ 8555), or in the old mechanic's lien law on real estate. Cogel v. Mickow, 11 Minn. 354 (475). When a given statutory lien has been intended not to be enforceable against the title of a subsequent *bona fide* purchaser without notice of the lien, the legislature has so expressed in the law, as in the breeder's lien (§ 8553) and the lien for shoeing an animal (§ 8512). Statutory liens often fall heavily upon innocent third persons; but were it not for such liens those whose labor and material have been spent on property of another would not be paid. The lien law under consideration provides that the lien shall be upon the motor vehicle stored or repaired for the agreed amount or reasonable value and shall cease at the end of 60 days after the storage was furnished or the work was done unless a statement thereof is filed (§ 8525). A foreclosure thereof must be begun within six months after filing (§ 8526). The short time within which the lien must be filed and enforced may indicate a purpose to impede the trade in motor vehicles no more than necessary to protect the one who bestows labor and materials in their care and upkeep. A purchaser of a motor vehicle may protect himself by ascertaining whether any storage has been furnished or repairs have been made during the preceding 60 days which have not been paid for. We can find in the law no intent to protect the rights of subsequent innocent purchasers.

The order is affirmed.