# M. L. CONNER v. HOWARD CALDWELL AND ANOTHER.
## REPUBLIC FINANCE COMPANY, APPELLANT.[1]

November 15, 1940.

No. 32,438.

*Sydney W. Goffstein,* for appellant.

*Harry H. Drill,* for respondent.

[1]Reported in 294 N. W. 650.

: PETERSON, JUSTICE.

Plaintiff sues for a declaratory judgment that a judgment in his favor against one Caldwell, the owner, for the foreclosure of his motor vehicle lien upon Caldwell's automobile given by 2 Mason Minn. St. 1927, §§ 8524-8528,[2] is superior and prior to the title to the automobile acquired by defendant Republic Finance Company as purchaser at the foreclosure sale under a subsequent chattel mortgage upon the automobile in which it was the mortgagee. Both Caldwell and the finance company were made parties defendant. Caldwell defaulted. For convenience, the finance company will be referred to as the defendant.

On June 9, 1937, plaintiff repaired Caldwell's automobile and surrendered possession of it to him without having been paid therefor. On July 9, 1937, plaintiff duly filed a lien statement under the statute claiming a lien for $49.95.

On November 29, 1937, plaintiff commenced an action in the district court to foreclose the lien and on May 26, 1938, recovered a judgment for the foreclosure of the lien. The automobile was described with such full particularity in the

---

[2] Section 8524 provides that whoever performs, furnishes, or contributes any labor, material, or storage in making, altering, repairing or storing a motor vehicle at the request of the owner or his agent shall have a lien for the contract price or reasonable value thereof if there be no contract.

Section 8525 provides that "the lien shall cease at the end of 60 days after the furnishing of the last item" of such labor, material, or storage unless the lien claimant shall file for record a lien statement as therein required.

Section 8526 relates to procedure for foreclosing such liens. It provides for foreclosure by action within six months after the statement is filed, and "upon the commencement of the action to foreclose the lien, the lien claimant shall be entitled to the possession of the motor vehicle for the purpose of foreclosing the lien thereon, and may maintain an action of replevin therefor, against the owner or possessor thereof * * *."

There is no provision requiring that a notice of *lis pendens* be filed upon foreclosure of the lien.

lien proceedings that it could be readily identified. The judgment among other things directed a sale of the automobile and the satisfaction of plaintiff's lien out of the proceeds. Plaintiff and Caldwell were residents of St. Paul. Although diligent search was made, neither Caldwell's nor the automobile's whereabouts could be ascertained. Service of process upon Caldwell was made by leaving copies thereof with a person of suitable age and discretion at his house of usual abode. The automobile was at all times either in the possession of Caldwell or members of his family within the state of Minnesota until it was seized on January 10, 1939, by the finance company under a chattel mortgage to be presently mentioned.

On September 17, 1938, defendant loaned Caldwell $100, taking as security therefor a chattel mortgage on the automobile, which it duly filed. Caldwell represented that the automobile was free and clear of other encumbrances except a small balance on a chattel mortgage to another loan company. Prior to making the loan defendant had actual knowledge of the lien statement filed by plaintiff, obtained by an examination of the records in the office of the city clerk of St. Paul showing the filing thereof. The record did not show that the lien had been paid or satisfied or that a foreclosure had been commenced. Defendant assumed that "the lien was outlawed." It did not examine the records and files of the clerk of the district court to ascertain whether or not an action to foreclose the lien had been commenced.

Caldwell having defaulted in his payments, defendant on January 10, 1939, seized the car under a power contained in the mortgage. Notice of mortgage foreclosure was given on February 2, and the sale was held on February 16, 1939, at which defendant bid in the car. There was no redemption from the sale, and consequently defendant got title.

Plaintiff learned that defendant had seized the car for the purpose of foreclosing its chattel mortgage, but asserted no

claim until after the foreclosure sale. He then demanded the car. Being refused possession, he had the sheriff levy upon and seize it on February 28, 1939, under the judgment for the foreclosure of his lien for the purpose of selling it. Defendant demanded possession of the car as third party claimant under 2 Mason Minn. St. 1927, § 9340. Plaintiff being unable to furnish an indemnity bond, the sheriff released the levy and surrendered the automobile to defendant, which repaired and then sold it in the course of its business. Later defendant repossessed the car and sold it to another purchaser.

Defendant contends that it was a *bona fide* encumbrancer and purchaser of the automobile without actual or constructive notice of plaintiff's claimed lien rights; that plaintiff is estopped from claiming any rights under the judgment for the foreclosure of his lien by his failure to assert his rights thereunder while the car was in defendant's possession after seizure and before the chattel mortgage foreclosure sale; and that the question has become moot by the sale of the automobile by defendant to a third party. Other points are raised but they do not merit consideration.

■ Decision below was upon the ground that defendant was not a *bona fide* subsequent encumbrancer. The court found that defendant had actual notice of plaintiff's lien at the time it took the chattel mortgage. The finding aside, defendant's chattel mortgage was subject to plaintiff's lien. The construction of the motor vehicle lien law that a subsequent *bona fide* purchaser or encumbrancer of an automobile takes subject to a motor vehicle lien is settled by our decision in Pratt v. Armstrong, 192 Minn. 14, 17, 255 N. W. 91, 92, 100 A. L. R. 77, where we said: "We can find in the law no intent to protect the rights of subsequent innocent purchasers."

■ Plaintiff is not estopped to enforce the judgment for the foreclosure of his lien by his failure to claim the automobile before the chattel mortgage foreclosure sale while

it was in defendant's possession for purposes of such foreclosure.

Proceedings for the foreclosure of a motor vehicle lien commenced within the period allowed need not be brought to final adjudication within such period. Fletcher Tire Co. v. Mahler, 144 Or. 409, 24 P.(2d) 1028; 7 Blashfield, Cyc. of Auto. Law & Practice (Perm. ed.) § 5201.

Defendant's contention is that it had no notice or knowledge of the judgment for the foreclosure of the lien and that by plaintiff's silence it was misled to purchase at the chattel mortgage foreclosure sale.

A party cannot claim an estoppel unless the truth was unknown to him at the time he acted. Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851.

The finding is that defendant had actual notice of plaintiff's lien. Defendant admitted knowledge of the filing of the lien statement, but denied knowledge of the lien. The lien appeared unsatisfied of record. The parties had no contact with each other. Plaintiff said and did nothing except that he engaged counsel to look after his interests. Defendant proceeded upon the assumption that it had made such inquiry as it was bound to make under the circumstances and that it had the right to sell the automobile at the foreclosure of the chattel mortgage.

The record of an unsatisfied and undischarged lien, which was filed and upon which foreclosure was commenced within the time allowed by statute, is notice not only of the lien but of the action to foreclose it, although the statute does not require the filing of a notice of *lis pendens* and none is filed, for the reason that the record puts an interested party on inquiry, which if conducted with reasonable diligence would disclose whether or not an action to foreclose the lien had been begun. Empire Land & Canal Co. v. Engley, 18 Colo. 388, 33 P. 153. While the cited case involved mechanics' liens, it is in point for the reason that it involved a statute and a fact situation quite similar to those

in the case at bar. Defendant admits that mechanics' lien cases are in point and cites them to sustain its view, but those cited are not in point because they arose under statutes requiring the filing of a notice of *lis pendens* at the commencement of the lien foreclosure action.

Estoppel is based on the proposition that the party estopped is at fault. Bausman v. Faue, 45 Minn. 412, 417, 48 N. W. 13. It has been said that estoppel by conduct might more appropriately be called estoppel by misconduct. Townsend v. Johnson, 34 Minn. 414, 415, 26 N. W. 395. Where estoppel is based on a party's silence, there must be not only silence, but a duty to speak under the circumstances of the case. Silence is not a fault where there is no duty to speak. Ordinarily mere silence will not work an estoppel where a party's right appears of record. Persons dealing with property are bound to know what the record discloses. 2 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 3209, note 80. The rule does not apply under special circumstances where the silence misleads others, which is just another way of saying that silence is a fault where the circumstances make it the duty of a party to speak. For example, in Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851, it was held that one not in possession claiming ownership of land the record title to which appeared good in others by a deed, which purported to have been but which had not in fact been executed and delivered by claimant's predecessor in title, was estopped by his silence for about 14 years to assert title as against parties who to his knowledge were misled by reliance on the record title to buy and improve the land in good faith to their prejudice.

The facts in this case bring it within the general rule. The record disclosed the truth with respect to plaintiff's lien. No one could have been misled thereby. The record put defendant on inquiry and charged it with actual knowledge of the facts which a reasonable inquiry conducted

with ordinary diligence would have disclosed. Such an inquiry here would have disclosed that plaintiff had recovered judgment for the foreclosure of his lien and was trying to find Caldwell's automobile so that it could be seized and sold under the judgment.

Plaintiff was not bound to take affirmative measures to protect himself against the chattel mortgage foreclosure sale. He had already done all that the law required to preserve and enforce his lien. The chattel mortgage foreclosure sale was as a matter of law subject to his lien rights. The holder of a lien which is superior to a chattel mortgage is not estopped by his mere silence to assert his superior right against a purchaser with notice at the foreclosure sale under the chattel mortgage. Endreson v. Larson, 101 Minn. 417, 112 N. W. 628, 118 A. S. R. 631. Defendant was not misled by plaintiff's silence. It disregarded notice of the judgment for the foreclosure of plaintiff's lien.

The case of Wilson v. Sherffbillich, 30 Minn. 422, 15 N. W. 876, is not in point. There the plaintiff purchased certain barley at a chattel mortgage foreclosure sale held at defendant's house. Both plaintiff and defendant bid at the sale. After plaintiff had purchased at the sale, defendant claimed a lien on the barley for hauling and storage. That was not a case of mere silence, but of silence and conduct which were misleading. The defendant actively participated in the sale of the barley by bidding like any other bidder without asserting his lien, thereby creating the impression that he stood on the same basis in bidding as the plaintiff. The sale was of the barley, not of the barley subject to defendant's lien. Here there was silence only without misleading conduct.

■ The question of the respective rights of the parties has not become moot by the sale of the automobile by defendant after it acquired title at the chattel mortgage foreclosure sale. Its title was subject to plaintiff's lien. Plaintiff may hold the defendant in conversion for selling the car

in exclusion and defiance of his lien rights. Nichols & Shepard Co. v. Minnesota Thresher Mfg. Co. 70 Minn. 528, 73 N. W. 415; Pennig v. Schmitz, 189 Minn. 262, 249 N. W. 39. The judgment here would be conclusive against defendant as to plaintiff's rights to sell the automobile under the foreclosure of his lien. Whatever remedy plaintiff may pursue against defendant, his rights under the judgment lie at the very basis of any claim which he may assert. What such rights are is not a moot question. Since the purchasers are not before the court, no opinion is expressed concerning plaintiff's rights against them personally.

Affirmed.