GERARD LAVERRIERRE
*vs.*
CASCO BANK & TRUST COMPANY

Cumberland.   Opinion, May 14, 1959.

*Wheeler & Campbell,* for plaintiff.

*Woodman, Skelton, Thompson & Chapman,*
*Benjamin Thompson,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SIDDALL, J.   This was an action of trover to recover the value of seven roof trusses and fifteen roof sections which the plaintiff alleged had been converted by the defendant.

The case was referred with the right of exceptions as to matters of law reserved to both parties.

The referee found that the defendant had converted the seven roof trusses and assessed damage in the sum of $2800 plus interest.

The defendant filed objections to the acceptance of the report. The objections were overruled, and the referee's report was accepted by the presiding justice. Exceptions to the acceptance of the report were seasonably taken by the defendant. The referee found no conversion of the fifteen roof sections, and we are concerned here solely with the alleged conversion of seven trusses.

The record shows that in 1953 Ellis C. Snodgrass, Inc., hereafter called Snodgrass, acquired title to certain trusses and roof sections which had been a part of a building located in the shipyard at South Portland. Twelve trusses and thirty-three roof sections, after demolition of the building into which they were incorporated, were stored by Snodgrass in an area of the West Yard of the Greater Portland Development Commission in said South Portland. In 1953 Snodgrass sold seven trusses and fifteen roof sections to Hunnewell Trucking Co., hereafter called Hunnewell, and five trusses and eighteen roof sections to Deep Sea Products, Inc., hereafter called Products, Inc., which was at that time indebted to the defendant, and as security for such indebtedness had given to the defendant a chattel mortgage containing an after acquired property clause. Several months afterwards defendant foreclosed this mortgage. Hunnewell sold to one Roberts the seven trusses and fifteen roof sections which it had purchased from Snodgrass, and Roberts in turn sold this property to the plaintiff. On January 12, 1956, after foreclosure of its chattel mortgage, the defendant made a sale of trusses and roof sections, and received a check from the purchaser reciting

upon its face that it was in payment of "twelve trusses and roof sections." Later, a bill of sale dated back to January 12, 1956, was given by the defendant to the purchaser, specifying that the defendant had sold to the purchaser on January 12, 1956, twelve trusses and fifteen roof sections.

After the sales by Snodgrass the roof sections and trusses were allowed to remain on the premises, and nothing was done to protect them from the elements.

Snodgrass paid rent on the land on which the personal property was located until it sold the property. After Products, Inc. made its purchase from Snodgrass it commenced paying rent. After foreclosure of the personal property mortgage given by Products, Inc., the defendant paid rent until January 12, 1956, at which time the purchaser of the personal property from the defendant started to pay rent. No rent was paid by the plaintiff or by its predecessors in title, Roberts or Hunnewell.

In the spring of 1957 the purchaser of the property from defendant started to dismantle the roof sections. It dismantled some of the roof sections, but at the time suit was brought the twelve trusses were still undisturbed on the premises.

It is unnecessary to set forth in detail the defendant's exceptions. It is sufficient to state that these exceptions are now confined to the issue of whether or not under the facts in the case, the referee was in error in finding a conversion of the plaintiff's property by the defendant.

It is well-established law that any act or dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it, amounts to a conversion. *McPheters* v. *Page*, 83 Me. 234.

"But if one person interferes with the goods of another, and without his consent undertakes to dispose of them as having the property, he does it at

his peril; and there need be no manual taking or removal in order to constitute a conversion. It is sufficient if he exercises an authority over the goods against the will and to the exclusion of the owner, by an unlawful intermeddling with them, or assumes upon himself the property and right of disposing of them. This is abundantly established by the authorities cited by the counsel for the plaintiff." *Webber* v. *Davis,* 44 Me. 147, 152.

The defendant, however, claims that the mere giving of a bill of sale covering trusses owned by the plaintiff without the interruption of the possession or the right of possession on the part of the plaintiff does not constitute a conversion.

The referee in his report has so well stated the pertinent facts of the case applicable to this claim, and his conclusions of law relating thereto, that we quote with approval the following extract from his report:

"The defendant bank's purported sale of twelve trusses, which included the seven trusses of the plaintiff, to Commercial Riggers, Inc. on January 12, 1956, was a tortious conversion, as of said date, of the seven trusses which plaintiff owned and to which plaintiff had the right to immediate possession.

Ordinarily, a wrongful sale of another's personal property, because it is an assertion of dominion over the property in defiance of, or inconsistent with, the owner's rights is a tortious conversion. This is true even though the wrongful sale is made in good faith or because of honest mistake.

The defendant asserts, however, that in this case the sale by the defendant on January 12, 1956, even though wrongful, cannot be deemed a conversion. The reason given is that defendant accomplished nothing more than a paper sale of the seven trusses of the plaintiff without any delivery of possession or other physical interference with

the trusses. In support of this contention, defendant relies on dicta in two Maine cases:

*Davis v. Duffum,* 51 Me. 160, 163

*Piano Co. vs. Allen,* 101 Me. 218, P. 221

My conclusion is that these dicta are not properly applicable to the facts of the present case. The dicta contemplate a situation in which the owner of a chattel, wrongfully sold by another, has clear possession and control of it at the time when it is thus sold. The dictum is so stated explicitly in *Davis vs. Duffam,* supra:

> 'The giving of a bill of sale of personal property *in the possession of a third person who is the owner of the same,* without any other interference therewith or delivery thereof, is not as against such owner a conversion. . .' (p. 163) (underscoring ours)

The point is that when there is no actual, or apparent, control over the chattel by the person purporting to sell it, it would be incongruous to conclude that the mere giving of a bill of sale, without more, is an assertion of a dominion sufficiently inconsistent with the owner's rights to constitute a conversion.

In the present instance, however, the seven roof trusses, wrongfully sold by the defendant bank, were not in the clear possession, or dominion, of their owner, the plaintiff, at the time the defendant sold them to Commercial Riggers. If any person had the physical control of the trusses at that time, it was the defendant, if only because the defendant was paying rent for the premises on which the trusses were located and thus had the power to exclude all persons from entering the premises and dealing with the trusses. Indeed, so it appeared to the purchaser of the trusses - - it being important to note that Commercial Riggers, Inc, upon completion of the purchase itself com-

menced the payment of rent for the premises on which the trusses were situated.

We are here dealing with a situation in which there were verbal assertions of ownership and right to possession by the bank, accompanied by overt actions of dominion by the making of a sale and the acceptance of money in payment for the purchase, - - all coupled with an apparent ability on the part of the defendant bank to exercise dominion and all of the facts indicating a determination by the defendant bank to control the property for its own benefit and purpose."

These findings of fact by the referee are fully justified by the evidence, and his legal conclusions drawn therefrom are correct.

We are not called upon here to determine whether or not the mere act of giving a bill of sale of property in the possession of the owner constitutes a conversion. In the instant case not only did the evidence fail to show clear possession on the part of the owner, the plaintiff, but on the other hand it indicated possession and control on the part of the defendant. The evidence also showed assertions of ownership on the part of the defendant and a clear intent on its part to exercise dominion over the property of the plaintiff, and the apparent ability to do so, culminating in the sale of plaintiff's property evidenced by a bill of sale. Under these facts there was a clear conversion by the defendant of the seven trusses.

The acceptance of the referee's report by the presiding justice was proper.

The entry will be

*Exceptions overruled.*